Turley, J.
delivered the opinion of the court.
It is contended by the plaintiff in errpr, that the court erred in saying to the jury, “that they might infer a war *77 ranty,” which it is said is, in effect, instructing them that ⅜ they might find an implied warranty. We do not put construction upon the charge of the court. It is true, that the word “infer” is used a little loosely, but when taken in connection with the rest, its meaning is obviously correct. The jury were instructed that the plaintiff must prove a warranty, hut that it was not necessary to prove it by express testimony, but, that if there was testimony before them from which they could infer it, they might do so, the manifest meaning of which is, that positive proof was not necessary, but that the warranty might be proven circumstantially. This charge, we think to be correct; it is not stronger language than that used by Chief Justice Best, in his charge to the jury, in a similar case reported in 12 Com. Law Rep. 95, in which he says, “The question is, whether I and the jury can collect that a warranty took place.”
2. It is argued, if the charge be correct, the verdict is wrong, as there is no proof that there was a warranty. It is certainly true, that when an action is founded on a-warranty of the soundness of a chattel, a warranty must be proved, but it is not necessary that the vendor should use the express words, I warrant the soundness; any words of equivalent import, showing the intention of the parties, that there should be a warranty, will suffice. In the case of Chapman vs. March, 19 John. Rep. 289, Chief Justice Spencer saysx “that if a man should say on the sale of a horse, ‘I promise you the horse is sound;’ it is difficult to conceive that this is not a warranty, and an express one too.” Peake, in his treatise upon Evidence, 228, says, “In general, any representations made by the defendant of the state of the thing sold, at the time of the sale, will amount to a warranty,” and in the case of Salmon vs. Wood, 12 Com. Law Rep. 95, before referred to, the court says, “that if the plaintiff in a letter to the defendant, says, £you remember you represented the horse to me as a five year old;’ to which the defendant answers, the ‘horse is as I represented,’ this amounts to a warranty. ” These authorities show, that it is the intention, and not the specific words used, which constitutes a warranty; and the existence of this intention is frequently a *78 very delicate and difficult question of fact, which must of .necessity be left to the determination of the jury. All that the court can legitimately do, is to say to them, that if the proof Shows that the vendor intended to warrant, they must find the warranty. Apply these principles to this case; the proof is, that the vendor, at the time of the sale, said to the vendee, “I recommend this horse as having one good eye;” now whether this amounts to a warranty of soundness or not, is for the determination of the jury, under the instruction of the court, as to what it takes to constitute a warranty. We have seen that no set phrase of words is necessary, that any will do, provided it can be collected from them, that a warranty was intended. Now, whether a warranty was intended by the words used by the vendor on this occasion, depends upon the situation of the parties, and the manner and circumstances under which they were spoken. We do not take it upon ourselves to say, that the words did amount to a warranty, but we can conceive, that they might have been so intended. The question was left to the jury, the proper tribunal for its determination, and we will not disturb the verdict. Let the judgment be affirmed.
Judgment affirmed.