### Sylvester Jacobs *vs.* Alfred Pollard.

A. in good faith, took up B.'s cattle damage feasant, and C. a field driver, at A.'s request sold them at auction and received the money. The proceedings were irregular, and A. and C. were in fact joint trespassers. *Held*, notwithstanding, that A. could recover of C. the money received for the sale of the cattle.

Assumpsit brought originally in this court, for money had and received, being the receipts for certain cattle sold by the defendant. At the trial before *Bigelow*, J. it appeared, that the plaintiff took certain cattle belonging to one Jacob Pollard, alleged to be damage feasant, and put them in his yard, and thereupon sent for the defendant, a field driver in the town of Groton, and delivered said cattle to him to be taken charge of and sold; the defendant took the cattle from the plaintiff, kept them in his possession, and sold them at public auction according to law, in pursuance of an advertisement, stating that he did so acting under the orders of the plaintiff, and said defendant received the entire proceeds of said sales; to recover the amount of which this action is brought.

The said Jacob Pollard, to whom said cattle belonged, commenced an action against the plaintiff and this defendant for trespass in taking and carrying away said cattle, and recovered judgment against them as joint trespassers for the value of said cattle and costs of suit; and upon the execution on said

judgment, the property of the plaintiff was taken, and the execution was paid by him in full.

Upon the foregoing facts, the plaintiff claimed that the defendant acted as his agent in the sale of said cattle, and that he was entitled to recover in this action for money had and received, the full amount of the sales of said cattle at auction. But the judge suggested a doubt whether, on the foregoing facts, the plaintiff could maintain his action, and he thereupon became nonsuit, subject to the opinion of the whole court. If the whole court should be of opinion that the plaintiff is not entitled to recover on the foregoing facts, judgment is to be entered for the defendant; otherwise the nonsuit is to be taken off and the case sent to a jury for trial.

*B. F. Butler*, for the plaintiff.

*G. F. Farley*, for the defendant.

BIGELOW, J. It was supposed at the trial of this cause, that the facts relied on by the plaintiff to maintain his action, brought it within the familiar and well established rule of law, that there can be no contribution or indemnity among tort-feasors. But upon consideration of the principle upon which this rule is founded, and the authorities bearing upon it, we are of opinion that it does not apply to the case at bar.

It is undoubtedly the policy of the law to discountenance all actions in which a party seeks to enforce a demand originating in a wilful breach or violation, on his part, of the legal rights of others. Courts of law will not lend their aid to those who found their claims upon an illegal transaction. No one can be permitted to relieve himself from the consequences of having intentionally committed an unlawful act, by seeking an indemnity or contribution from those with whom or by whose authority such unlawful act was committed. But justice and sound policy, upon which this salutary rule is founded, alike require, that it should not be extended to cases, where parties have acted in good faith, without any unlawful design, or for the purpose of asserting a right in themselves or others, although they may have thereby infringed upon the legal rights of third persons. It is only

when a person knows, or must be presumed to know that his act was unlawful, that the law will refuse to aid him in seeking an indemnity or contribution. It is the unlawful intention to violate another's rights, or a wilful ignorance and disregard of those rights, which deprives a party of his legal remedy in such cases. It has, therefore, been held, that the rule of law, that wrongdoers cannot have redress or contribution against each other, is confined to those cases where the person claiming redress or contribution, knew or must be presumed to have known, that the act, for which he has been mulcted in damages, was unlawful. Lord Kenyon, in the leading case of *Merryweather* v. *Nixan,* 8 T. R. 186, suggests this distinction, which the recent cases have more fully developed, and the rule is now always held subject to the limitation above stated. *Betts* v. *Gibbins,* 2 Adolp. & Ellis, 57, 65; *Pearson* v. *Skelton,* 1 Mees. & Welsb. 504; *Adamson* v. *Jarvis,* 4 Bing. 72; *Wooley* v. *Batte,* 2 Car. & P. 417; *Humphrys* v. *Pratt,* 2 Dow & Cl. 288; 2 Saund. Plead. & Ev. (2d ed.) 413, 414; *Coventry* v. *Barton,* 17 Johns. 142; *Avery* v. *Halsey,* 14 Pick. 174. See also *Battersey's case,* Winch, 49.

There is nothing in the facts of the present case from which it can fairly be inferred that the parties to this suit wilfully committed the original trespass, with a knowledge, either actual or to be presumed, that they were thereby violating the rights of the owner of the cattle. They seemed to have acted in good faith in seizing and selling the cattle, for the purpose of asserting a legal right in the plaintiff to take them on his land *damage feasant,* and to commit them to the defendant as field driver, who *virtute officii,* was supposed to have the right to sell them under the plaintiff's authority. Although in these proceedings, the parties grossly misconceived their legal rights and remedies, and committed an aggravated trespass on the property of a third person, yet it does not appear, that they acted wantonly, with an intent to infringe on the rights of the owner of the beasts. Their only error was in the mode of enforcing their own rights, and being thereby guilty of an encroachment upon the rights of another. Upon the principles already stated, therefore, it is quite clear, that there is noth-

Jacobs *v.* Pollard.

ing in the transaction to deprive either of the parties to this suit of their legal remedies against each other. There can be no doubt, that the present defendant, if he had not received the proceeds of the sale of the cattle and retained them in his possession, and had been compelled to pay the amount of the judgment in the action of trespass, could have well maintained his suit against the present plaintiff for indemnity or contribution. The same rule applies, now that the parties are reversed. The defendant has in his hands the proceeds of the cattle, which he seized and sold by the order and as agent of the plaintiff. The plaintiff has paid the judgment recovered in the action of trespass in full, and thereby relieved the defendant from all liability on account thereof. He can now therefore, well maintain an action for money had and received, to recover of the defendant the proceeds of the sale of the cattle, as money in his hands, which, in equity and good conscience, belongs to the plaintiff. Such recovery must of course be subject to such reasonable deductions therefrom, as will compensate the defendant for his costs and charges, incurred in consequence of committing the act of trespass by the authority and request of the plaintiff. The action being an equitable one, the plaintiff can be allowed to recover only what, under all the circumstances, is justly due.

It was urged by the defendant, that this action could not have been maintained by the plaintiff against the defendant immediately after the sale of the cattle and the receipt of the proceeds by the defendant, and therefore it can not be maintained now. Admitting for the sake of the argument the correctness of the first branch of this proposition, we do not think the latter follows as a legitimate conclusion from it. The relations of the parties have changed by the payment by the plaintiff of the judgment in the action of trespass; until such payment, the defendant might have claimed to hold the proceeds as an indemnity against the claim for damages made by the owner of the cattle. He had then no money in his hands which equitably belonged to the plaintiff. The payment of that judgment by the plaintiff has not only relieved the defendant from all liability, but has vested in the plaintiff an equitable right to the proceeds of the sale of the cattle.     *Nonsuit taken off.*