Hubbard, J.
The only question essential to be considered on this appeal is that respecting the estojypel by way *331 of the Ronk judgment. In determining this question it will not be necessary to discuss the competency of the parol proof given on the trial to show the grounds upon which the justice rendered that judgment, or, in other words, that the justice did not, in fact, pass upon the question of the bona fides of the mortgage, as to the creditors of the mortgagor. Admitting that proof as competent, it did not, in my judgment, affect the operation of the judgment as an estoppel. There were two questions in issue in the action before the justice, the determination of both or either of which in favor of the defendant therein would give to the judgment the effect of an estoppel: one was the bona fides of the mortgage, and the other, the title of the plaintiff therein to the property in dispute. The determination of the latter issue in favor of the plaintiff was, of course, essential to enable him to raise the former; he must first show himself a judgment creditor of Houghton before he could assail the mortgage for fraud.
The judgment, as it stands, is conclusive against the title of the defendant in this action to the lumber in question. The issue upon his title is precisely the same in this suit as it was in the suit before the justice. It is well settled that the judgment of a court of competent jurisdiction is conclusive in a second suit between the same parties or privies, on the same question, although the subject matter may be different. (Doty v. Brown, 4 Comst., 71.) In this view it is-immaterial that the bona fides of the mortgage was not passed upon or "decided by the justice. The judgment may, nevertheless, be alleged by way of estoppel against the claim of title to the lumber in the defendant.
The further question remains to be considered whether the plaintiffs stand in a position to allege the estoppel. It is contended that they cannot, because the parties in this action and those in the action before the justice are not the same. In my opinion, this proposition is not tenable The relation of master and servant, or principal and agent, *332 between the plaintiffs and Ronk, and the actual defence of the latter, gave to the plaintiffs the same legal right, in this respect, as though they had been actually parties to the action. In taking the lumber, Ronk acted as their servant or .agent, and when sued they appeared and defended him under their title. If the judgment had been against Ronk, instead of in his favor, I have no doubt it would prove equally an estoppel against them as it is now in their favor; The case would doubtless have been different, if the plaintiffs had not, in fact, defended their servant, Ronk, in that action.
In order to the estoppel it is not necessary that the parties on the record in both suits should be the same. An estoppel by judgment includes all parties who have a right to appear and control the action and to appeal from the judgment, although not a party to the record. (1 Greenl. Ev., § 523; 5 Denio, 517.) The plaintiffs had this right when called upon by their servant, Ronk, in the suit against him. It might more properly, perhaps, be said, that it was their duty to appear and assume his defence, grounded upon an implied obligation to save him harmless in the commission of the trespass which the plaintiff in that action alleged against him. This implied obligation, growing out of the relation of master and servant, is, I conceive, the ground of the estoppel of the judgment in actions of this nature. There is no objection to the implication of such obligation on the assumption that the act of Ronk, in taking the lumber, was a trespass. It is admitted that there can be no contribution between joint trespassers, nor will the law sustain an express promise to indemnify against the consequences of a willful wrong. But it has been repeatedly held within the law of agency that a promise to indemnify is binding when the agent acts within the legitimate scope of his agency and in good faith. (19 John., 142; 9 Cow., 154; Story on Agency, § 339; 14 Pick., 174; 4 Bing., 66; Smith's Mer. Law, 109.) Upon the same principle, I think the law will imply an indemnity where the agent acts in good *333 faith, in obedience to the express direction of his principal, although, at the same time, he is committing an unconscious wrong or trespass against the property of another. This is in analogy to the implied liability of a principal to reimburse his agent for moneys paid out in the course of his agency business (Ramsay v. Gardner, 11 John.,. 439); and to the case cited by Justice Story, in his work on Agency, § 339: “ If an agent, in consequence of a deception practiced upon him 'by his principal, and in pursuance of orders, innocently makes a false representation of the quality of the goods of his principal, and he is compelled to pay damages to the purchaser on account thereof, he will be entitled to full remuneration from his principal.” Another case is cited by the same learned author, in illustration of the general rule, and quite apposite to the question under consideration: “ If an agent has innocently, and without any notice of an adverse title, converted the property of a third person, under the direction or authority of his principal claiming it as owner, and a recovery is subsequently had against him therefor by such third person, he will be entitled to reimbursement from his principal ” (citing Paley on Agency, by Lloyd, 152, 301; 4 Bing., 66; 2 John. Cases, 54; 17 John., 142; 14 Pick., 174). The same author further remarks that in all this class of cases, when an agent acts bona fide, the law will imply a promise to indemnify as against the principal. The same doctrine is stated by Smith, in his treatise on Mercantile Law (2 Law Lib., 88, 4th series), citing Betts v. Gibbons, 2 Ad. & Ell., 57.
Within the principle of law above stated, and to which I fully assent, the law would imply a promise on the part of the plaintiffs in this action to indemnify their agent, Ronk, against the consequences of the imputed trespass in taking the lumber out of the hands of the defendant. It was, therefore, both the duty and the right of the plaintiffs to appear and defend Ronk in the action against him for the alleged trespass. In so doing, they were substantially *334 defending their own act, and in this sense should be regarded as substantially parties to the action, in the place of Ronk. They have, therefore, the same right to use the judgment as an estoppel against the adverse party that Ronk would have. If used by Ronk, no doubt would be entertained that it would estop the defendant from again contesting his title to the lumber.
It follows that the judgment must be reversed and a new trial granted, with costs to abide the event.
Comstock, J.
The plaintiffs claim to be entitled to the lumber in controversy, under a mortgage given to their testator. The defendant alleges the mortgage to be fraudulent as to creditors, and says the title is in him by virtue of a purchase under a judgment and execution against the mortgagor. In such a controversy, it is obvious that the judgment, execution and sale under which the defendant claims are facts directly involved and which must be established before the question of fraud can be examined. The mortgage was valid between the parties thereto, and before the defendant can assail it as in fraud of creditors he must show himself to be clothed with a creditor’s rights.
In the former suit, brought by the defendant against Ronk, the servant of the testator, the questions were precisely the same. Ronk had taken away one load of the lumber in question, and for that the defendant sued him, alleging, as he now does, fraud in the mortgage, and relying upon the same title in himself which he now sets up. The j udgment, therefore, in that suit necessarily determined either that there was no fraud in the mortgage, or that the present defendant had no such title as he now claims enabling him to raise the question. He proved, by parol, that he failed on the ground last mentioned, but that does not impair the effect of the judgment. It is immaterial upon which ground the suit was decided against him; either proposition, being established, is fatal to him. The *335 judgment, with the parol prooí showing on what ground it was rendered, not only determined that suit against the defendant, but it also established the collateral fact that he had no title under judgment and execution against the mortgagor. The present suit cannot be defended without permitting that fact to be tried again and found the other way. It is said that' the defendant omitted to prove the judgment against the mortgagor, under which he purchased the lumber, and that he has now supplied that proof. This is true; but the same argument would open every judgment to reexamination. The well settled rule on this subject is, that the judgment of a court of competent jurisdiction, upon a question directly involved in the suit, is conclusive in a second suit, between the same parties, depending on the same question, although the subject matter of the second action is different. (Doty v. Brown, 4 Comst., 71, and cases cited.)
It only remains to inquire whether the parties to the two suits are the same, or in such privity as to require the application of the principles which have been stated. In the first suit the defendant was Ronk, who acted as the servant of Castle, the plaintiffs’ testator, in taking the lumber, and by his direction. The action was in fact defended by Castle, who set up in the answer and proved on the trial the same mortgage on which his executors now rely. The taking by Ronk of the load of lumber then in question was shown to have been under that mortgage. Upon these facts the parties are to be regarded as the same. It is by no means true that, in order to constitute an estoppel by judgment, the parties on the record must be the same. The term has a broader* meaning. It includes the real and substantial parties who, although not upon the record, had a right to control the proceedings and appeal from the judgment. In this sense, the plaintiffs’ testator was clearly a party to the former suit, and as he would be bound by the result, so lie or his representatives may insist that the determination is *336 conclusive upon his adversary. (1 Greenl. Ev., § 523; 1 Phil. Ev., 324; Cow. & Hill’s Notes, 812; 2 Doug., 517; Duchess of Kingston’s case, 29 Howell’s State Trials, 538; 1 Duer, 87; 5 Denio, 299.)
The judgment must be reversed and a new trial granted.
Judgment accordingly