JAMES T. HOWE, Respondent, *v.* THE BUFFALO, NEW YORK & ERIE RAILROAD CO., Appellant.

*Expulsion of Passenger from Car—Principal and Agent—Obligation to Indemnify—Former Judgment as Evidence—Note of Surety in Satisfaction.*

When the conductor, by obeying the instructions of the railroad company, to enforce the rules and regulations of the company, has been held liable, upon the ground that the company had no authority to make and enforce such rule, he may recover of the company the damage he may have sustained in consequence of such obedience.

Appeal from the Supreme Court. The action was to obtain indemnity from the Defendant for damages to which the Plaintiff was subjected, as a conductor of the company, by obeying its order in expelling a passenger from its cars for non-payment of his fare.

The cause was tried at the Steuben Circuit, before Mr. Justice Johnson, without a jury, who rendered judgment in favor of the Plaintiff for $356.68.

The facts were these : The Plaintiff was a conductor on the Defendant's road in January, 1858, and he was charged with the duty of collecting and receiving fare from the passengers. He was instructed by the company not to receive or accept in payment of fare any ticket purporting to be. issued by another corporation—the New York & Erie Railroad Co.—and endorsed, " Good for six days only, from date," after the time so limited ; and he was required to exact payment of fare from any passengers presenting such tickets. He understood and believed that the Defendant had the right to give this order, and that he was bound to obey it. On the 27th of that month a Mr. Hotchkin presented to the Plaintiff a ticket of that description, more than six days from its date, as evidence of the payment of his fare. The Plaintiff refused to accept it, demanded the fare, and upon the refusal of Hotchkin to pay it, stopped the train and put him off, believing he had the right to do so—using no more force than was necessary.

Hotchkin subsequently brought an action in the Supreme Court for the injury and detention occasioned by this act of the conductor. The Defendant was immediately notified of the suit, and employed and paid the attorney, and counsel who defended it. Hotchkin recovered judgment for $312.68, which was docketed on the 20th of May, 1859. Execution was issued against the body of the Plaintiff, under which he was arrested and imprisoned. The judgment was assigned by Hotchkin to Daniel Ramsay, to whom the Plaintiff gave his note for the amount, with interest, which was accepted in full payment and satisfaction by Mr. Ramsay. The Plaintiff was thereupon discharged from imprisonment.

Upon these facts the Judge held that the Defendant was liable to the Plaintiff for the amount. The judgment was affirmed on appeal, the opinion of the Court being delivered by Mr. Justice Welles. The case is reported in 38 Barb. 125.

*A. P. Laning* for Appellant.
*David Rumsey* for Respondent.

Porter, J.—The Plaintiff acted in good faith, and in obedience to the Defendant's instructions. He supposed the company to possess the authority it assumed, and he found himself involved in a serious liability by fidelity in the discharge of a duty imposed by his principal, where he was wholly free from intentional wrong. Under these circumstances the company very properly assumed the burden of defending his act. Whether the judgment recovered against him was right or wrong, is a question that does not arise on the present appeal. If it was right, the Defendant should have paid it without exposing him to imprisonment for an act done in good faith in the interest and by the order of the company. If it was wrong, the error should have been corrected by a review of the judgment. The Appellant chose to abandon the defence, and permit him to be the sufferer. The Court below was right in holding that the Plaintiff was entitled to redress. There is an implied obligation on the part of the principal to indemnify an innocent agent for obeying his order, where the act would have

been lawful in respect to both, if the principal really had the authority which he claimed (Adamson *v.* Jarvis, 4 Bingham, 66; Coventry *v.* Barton, 17 Johns. 142; Powell *v.* Trustees of Newburgh, 19 id. 284, 289; Story on Agency, §§ 339, 340).

The record of the judgment recovered by Hotchkin was properly admitted in evidence (Kip *v.* Brigham, 6 Johns. 158; Blasdale *v.* Babcock, 1 id. 517). There was no error in permitting proof of the fact that Plaintiff used no more force than was necessary in removing Hotchkin from the car. It appeared, presumptively, from the record, that the judgment was rendered on the ground that the removal itself was unlawful, and not on the ground of excessive force in the exercise of a legal right; but it could not prejudice the Defendant to exclude the possible conclusion that the latter was the ground of recovery (Dunckel *v.* Wiles, 1 Kernan, 420; Gardner *v.* Buckbee, 3 Cowen, 120).

There is no force in the objection that the assignee of the judgment accepted the note of the Plaintiff in lieu of actual payment. In respect to the right of the latter's indemnity, he stood to the Defendant in the relation of a surety; and it is well settled that in such a case, the acceptance by the creditor of the note of the surety in satisfaction of the demand is equivalent to actual payment (Chace *v.* Hinman, 8 Wend. 456; New York State Bank *v.* Fletcher, 5 id. 85; Barclay *v.* Gooch, 2 Espinasse's R. 571; Clark *v.* Pinney, 6 Cowen, 297; Wetherby *v.* Mann, 11 Johns. 518).

Other points were urged in behalf of the Appellant, but we think them plainly untenable.

The judgment should be affirmed.

All the Judges concurring, except BOCKES, J., who took no part in the decision.

Judgment affirmed.