PEOPLE ex rel. VAN KEUREN v. AUDITORS.     551

THIRD DEPARTMENT, MAY TERM, 1877.

THE PEOPLE ex rel. MATTHEW VAN KEUREN, RESPOND-
ENT, v. THE BOARD OF TOWN AUDITORS OF THE
TOWN OF ESOPUS, APPELLANTS.

*Commissioner of highways — not agent of town.*

The relator, an overseer of highways, under the directions of the commissioner
of highways of the town of Esopus, removed obstructions from what was
claimed to be a highway. Subsequently, one Cole brought a suit against him
for trespass, on the ground that the road was not a public highway but
belonged to said Cole, and recovered a judgment for twenty-five dollars. From
this judgment relator appealed to the General Term and Court of Appeals,
where the judgment was affirmed. No notice of the action or the appeals
was given to the town.

Subsequently, this application was made for a *mandamus* to compel the town to
pay the relator $2,711.47, for the amount of the judgment, and the costs and
expenses of the action. *Held,* that he was not entitled to a *mandamus,* (1) because
he had failed to give notice to the town of the action or the appeals, and thereby
prevented it from taking charge thereof; and (2) because the commissioner of
highways was not the agent of the town, and it was not liable for his acts.

APPEAL from an order made at Special Term granting a writ of
peremptory *mandamus,* directing the defendant to audit and allow
the bill of the relator.

*Lounsbery & Childs,* for the appellants.

*S. L. Stebbins* and *A. Schoonmaker, Jr.,* for the respondent.

LEARNED, P. J.:

It is not necessary, in the view I take, to examine how far the acts
of the commissioner of highways bound the town in respect to the
matters out of which the present claim arose. Assume for the
present, that he was the agent of the town, and that they would be
liable, as his principal, for what he did.

The facts, then, are briefly that the commissioner of highways
issued his road warrant to Van Keuren, overseer of highways, for
the working of a certain road district in the town. He also orally
directed him to do certain work of cutting boughs from apple trees
and removing a stone. These acts Van Keuren did. It proved,
however, that in doing these acts, Van Keuren was guilty of a tres-

552    PEOPLE ex rel. VAN KEUREN v. AUDITORS.

THIRD DEPARTMENT, MAY TERM, 1877.

pass on the property of Martin Cole, for the reason that the place where this work was done was not a public highway. Cole sued Van Keuren for the trespass in a Justice's Court. The defendant set up, among other things, title ; the action was discontinued, and a new action was commenced in this court. The defendant set up a denial, title in himself, a right of way, and his authority as overseer to remove obstructions from the highway. On the first trial the jury disagreed.

On the second they rendered a verdict for twenty-five dollars damages. Judgment was affirmed at the General Term and in the Court of Appeals. Van Keuren now presents a bill to the town auditors of $2,711.47. This is for the judgments, damages and costs, for his expenses in obtaining witnesses, for expenses and services of his attorneys and counsel and other expenses.

Now, it will be seen that a very small part of this bill, only twenty-five dollars, is the compensation recovered against Van Keuren for the wrongful act, which it is said that he was ordered to do by the agent of the town. All the rest of his large expense has been occasioned by his defending, and his persisting in defending, the action brought against him for the trespass. I do not see that he was under any obligation to defend that action.

If, in committing the trespass, he was the agent of the town, and if the town was under an implied obligation to indemnify him, then he should have given the town the option either of defending the action or of leaving it undefended. The town, if it had had the opportunity, might have decided as the jury did, that the place where the acts were done was not a public highway. And the town might, therefore, in the Justice's Court, have interposed no defense of title, but might have questioned the amount of damages only. But Van Keuren, so far as appears, gave the town no such opportunity. He did not, so far as appears, notify the commissioner of highways, or any town officer, of this litigation in which he had become involved, nor did he offer to allow the commissioner or the town to defend on his behalf.

In the case of *Howe* v. *Buffalo and Erie Railroad* (37 N. Y., 297), relied upon by the learned justice who granted the peremptory mandamus, the conductor of the defendants, when sued for an act claimed to be done by their authority, immediately notified them,

and they employed the attorney and counsel who defended it. They were held liable to the conductor to indemnify him against the recovery.

If Van Keuren had claimed that, as the agent of the town, he was entitled to be indemnified by them, it could only be for the acts which the town directed him to do. It never directed him to defend this suit, or to appeal it, and to accumulate this large bill of expense. Even in respect to the damages recovered, the town ought to have had an opportunity to be heard as to their amount. While, in respect to the costs and expenses, the town has not in any way authorized them. And certainly to one who has read the evidence taken on the trial and now again presented, it might seem doubtful whether the town officers would ever have permitted this litigation if they had been allowed to control it. There are circumstances to which it is not necessary to refer, shown in the evidence, which give the controversy the appearance of a personal matter between Van Keuren and Cole, where the forms of law were really used for Van Keuren's benefit.

But, however that may be, it is enough that the town did not carry on the litigation, and was not allowed to control, or stop, or discontinue it. The town, therefore, should not be made to pay.

The relator cites the case of *Coventry* v. *Barton* (17 Johns., 142). The plaintiff in that case, working under the direction of the overseer of highways, had removed an alleged obstruction, upon an agreement by the defendants to indemnify him for the act. The plaintiff had been sued and judgment had been recovered against him. The defendant had been present at the trial. He was held liable to the plaintiff on his promise of indemnity. The extent of his liability was not decided. The relator also cites *Powell* v. *Newburgh* (19 Johns., 284). In that case the plaintiff had been sued for an official act. He had succeeded in the action, and his act had therefore been decided to be lawful. It was held that he was an agent of the defendant, and was entitled to recover the expenses of the successful litigation. The recovery was allowed on the ground of such agency, and of the expenditure by the plaintiff of money in the business of such agency. And it appeared that the defendants had notice of the suit against the plaintiff.

That case cannot in any respect be analogous to the present, unless

it be shown that a commissioner of highways is the agent of the town. That he is not, is well settled, I think, by several decisions. (*Lorillard* v. *Town of Monroe,* 11 N. Y., 392 ; *Morey* v. *Town of Newfane,* 8 Barb., 645; *Galen* v. *Clyde & Rose R. R. Co.,* 27 id., 543, at 551 ; *Fishkill* v. *Fishkill & Beekman R. R. Co.,* 22 id., 634 ; *Mather* v. *Crawford,* 36 id., 564 ; and the same is implied in *Hover* v. *Barkhoof,* 44 N. Y., 113.)

In the case of *Lamont* v. *Smith,* commissioner (not reported), it was held in the third department, that, in an action against a commissioner of highways for negligence in not keeping a bridge in order, the successor in office could not be substituted. Thus it was held that the liability, if any, was personal, and not against the town. There are, then, these two reasons why the relator should not compel the town to pay these expenses. The one is, that he carried on this litigation without giving notice to the town, and without permitting them to control it. The other is, that the commissioner of highways, by whose direction he acted, is not an agent of the town, and therefore the town is not responsible for his acts.

The order should be reversed, with ten dollars costs and printing.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order reversed with ten dollars costs and printing, and motion for *mandamus* denied, with ten dollars costs.