CHARLES A. BUCKLEY and Others, Plaintiffs, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, New York County, March 17, 1939.

*Copal Mintz*, for the plaintiffs.

*William C. Chanler, Corporation Counsel* [*Seymour B. Quel, Bernard Newman* and *William S. Gaud, Jr.*, of counsel], for the defendant.

HARRIS, J. In this action in equity the plaintiffs pray for a decree awarding to them as against the defendant the sum of $25,087.86, with interest thereon from the 29th day of July, 1937, and for the distribution among the plaintiffs of such amount according to their respective interests in the same.

The facts found from the testimony produced before me are as follows: By appointment of the then mayor of the city of New York, the plaintiff Buckley was named chamberlain of the city of New York on the 3d day of January, 1929, and continued in such office until his resignation therefrom on the 20th day of December, 1933. During his incumbency of office and pursuant to statute, there were deposited with him as custodian by orders of court certain trust funds consisting of infants' moneys. The aggregate of such deposits was over $2,000,000. From time to time under court orders the plaintiff Buckley invested such funds in guaranteed mortgage certificates. (Civ. Prac. Act, § 136.) Subsequent to such investments being made, the company in which they were invested defaulted on its obligations and went into liquidation and as a result the certificates and the guaranty thereof became of little or no value. After the plaintiff Buckley had resigned from the office of chamberlain, certain infants whose funds were invested by him in such certificates, sought reimbursement from the city of New York and/or from the plaintiff Buckley for the moneys invested in such certificates on behalf of such infants. The basic theory of such litigation and the claims made against the city of New York and/or the plaintiff Buckley was that the chamberlain did not exercise the care and prudence which he should have exercised in making the investments, the contention of the claimants being that without an independent examination on his part, he should not have accepted the assurance of the guarantors that

the certificates were legal investments for trust funds. In pursuit of such claims, various suits were brought against the plaintiff Buckley, these suits being on behalf of the infants who claimed that their funds had been improperly invested. In certain similar actions the city was the sole party defendant and it notified the plaintiff Buckley and his sureties that if the city were held liable it would look to plaintiff Buckley and such sureties for reimbursement. In certain other actions both the city of New York and the plaintiff Buckley were made parties defendant. In certain actions the city of New York was made the sole defendant and did not call upon the plaintiff Buckley or his sureties for protection. Among the last named type of cases was that of *Mills* v. *Bluestein* (275 N. Y. 317). In the case of *Mills* v. *Bluestein* (*supra*) the decisions of the Special Term and of the Appellate Division of the Second Judicial Department were adverse to the city. In March, 1937, and prior to the argument of the *Mills* case in the Court of Appeals, the plaintiff Buckley became informed of the then status of such case and on May tenth or thereabouts he made application to the Court of of Appeals for leave to appear in such case as *amicus curiæ*. His counsel prepared and filed his brief with the Court of Appeals and on May seventeenth, the day of argument, such leave was granted and after the argument of the parties of record, he was permitted to argue orally on the matter. The Court of Appeals reversed the previous rulings of the Appellate Division of the Second Department and of the Special Term and held that the plaintiff, as city chamberlain and as custodian of the moneys paid into court, had fully performed his duty in the premises. As one of the items of the prayer for the sum of $25,087.86, the plaintiff Buckley claims that he has become indebted to the other two plaintiffs for the sum of $20,000 for their services and certain minor amounts for disbursements in the preparation of the brief, the application for permission to intervene and for the argument before the Court of Appeals in the case of *Mills* v. *Bluestein* (*supra*). The remainder of the sum of $25,087.86 claimed herein by the plaintiffs is for services and disbursements in the other claims and actions to which reference is made above as being brought against the plaintiff Buckley and/or against the city of New York.

The contention of the plaintiffs is that liability for reimbursement herein to the plaintiffs by the defendant, city of New York, comes because, as they say, in his acts as chamberlain, the plaintiff Buckley was an agent of the city of New York and/or by virtue of the provisions of the County Law (§ 240, subd. 18) the plaintiff Buckley when acting as custodian and investor of the infants' funds was acting as the agent of the various counties contained within

the city of New York. The defendant contends that in acting as custodian of and in investing such funds, the plaintiff Buckley did not act as the agent of the city of New York or of the counties therein contained.

If, while investing the court trust funds, the plaintiff Buckley were acting as the agent of the defendant, city of New York, or of the counties comprising the same and acted in accordance with his authority and the claims made against him in the actions above referred to either by infants whose funds were invested or by the city of New York were brought against him for acts committed in legal compliance with his authority, then this court is of the opinion that he could recover from his principal, the city of New York. (*Powell* v. *Trustees of Village of Newburgh*, 19 Johns. 284; *Cory Bros. & Co., Ltd.*, v. *United States*, 51 F. [2d] 1010.) The rule is that although an agent may secure reimbursement from his principal for expense to which he has been put on account of litigation brought against him for acting in behalf of the principal, he cannot recover from the principal if such suit is brought against him to place personal liability on him for a personal breach of trust in the premises. (*Cory Bros. & Co., Ltd.*, v. *United States, supra.*) Competent authority leads me to the opinion that in the custody and investment of such funds deposited by order of the court and invested by order of the court, the chamberlain or county treasurer as the case may be, does not act as the agent of the county or of the municipality (*Gray* v. *Board of Supervisors*, 93 N. Y. 603), but that he acts as an officer of the court. In view of this, the plaintiffs may not recover from the defendant city on the theory of principal and agent. The defendant further contends that even if he were such an agent, the steps taken by him in endeavoring to avoid liability in the matters concerning infants' funds in which claims were made and from which litigation ensued as above stated, were taken in an effort on his part to avoid personal liability of himself to such claimants and litigants. On this contention, the plaintiffs herein argue that in view of the provisions of chapter 186 of the Laws of 1908, the pertinent parts of which are quoted as follows: " The city of New York and outside thereof each county of the State shall be responsible for all funds or moneys deposited with the chamberlain and treasurer thereof respectively by virtue of judgment, decree or order of any court of record in this State, and an action to recover any loss to or of such fund may be brought against the city or county respectively by any party aggrieved or by the Comptroller of the State of New York in a court of competent jurisdiction," and the amendment thereof by chapter 185 of the Laws of 1927 by the addition thereto of the following: " No liability shall,

in any event, attach to a county treasurer or city chamberlain because of a surrender made by him in good faith in accordance with the direction of an order of such court," the city chamberlain was absolved of any liability in reference to court trust funds deposited with him. With this contention of the absolution of liability from any responsibility I cannot agree. In enacting chapter 185 of the Laws of 1927 the Legislature relieved a county treasurer or a city chamberlain of liability for a surrender made in good faith but did not absolve him from personal liability for an investment which was made in violation of his duties as a trustee. The matter of investment of such funds by the chamberlain is covered by section 136 of the Civil Practice Act; the matter of surrender is covered by section 137 of the Civil Practice Act, and at the time that chapter 185 of the Laws of 1927 above quoted was enacted, although the amendment also covered section 137 of the Civil Practice Act, such enactment did not modify in any way section 136 and, therefore, did not absolve the city chamberlain (or in an appropriate case the county treasurer) from personal liability for failure to perform his duty as a trustee in reference to court funds.

From the proof herein, there can be no question that when the plaintiff Buckley was sued by infants or was interpleaded on motion of the city or when he had demand made upon him by the city for protection in suits brought against the city, what he defended himself against was a claim of personal liability against him, and that what he sought in his appearance in *Mills* v. *Bluestein (supra)* was avoidance of personal liability on his part against a claim of improper investments of trust funds. In my opinion, the provisions of chapter 186 of the Laws of 1908, as above quoted, were enacted for the purpose of affording the beneficiaries of trusts whose moneys were deposited with the chamberlain or county treasurer a means of securing sure reimbursement from the municipality or from the county, as the case might be, as against the chance of being unable to recover on a judgment against an individual office holder who might be proof against collection of a judgment obtained against such office holder for the improper handling of such funds. I am also of the opinion that if a city chamberlain or a county treasurer improperly handles such funds and a municipality or county is compelled to make good for such dereliction, the city or the county, as the case may be, may recover over against such individual officer for the loss suffered by the city or the county on account of his dereliction.

In view of my conclusion that the matters that plaintiff Buckley defended in suits or contested in other ways were matters in which

it was sought to establish personal liability on the part of the plaintiff Buckley and in which he sought to avoid such personal liability either to the city or to the infants who claimed to be aggrieved, and in view of my holding that in the custody of such funds and their investment the plaintiff Buckley was not an agent of the city of New York or of the counties contained in the city, it becomes necessary to deny the prayer of the plaintiffs and to dismiss the complaint, thus granting judgment to the defendant herein.