Harvey A. Eysman, Esq. Village Attorney, Russell Gardens
This is in response to your letter wherein you state that the trustees of the Village of Russell Gardens are concerned about potential personal liability in the event that a lawsuit is commenced against one or more of them for actions taken in pursuit of their duties in behalf of the municipality. You further state that the village does not desire to purchase insurance against such lawsuits and ask whether the village may properly enact a local law or resolution providing for legal representation for the trustees in the event of such a lawsuit and indemnification if any judgment is awarded against them.
There is a fundamental constitutional prohibition against municipalities making gifts to individuals. The New York State Constitution, Article VIII, §§ 1 and 2, states that "[n]o county, city, town, village or school district shall give or loan any money or property to or in aid of any individual * * * [nor] contract any indebtedness except for county, city, town, village or school district purposes, respectively. * * *" This provision has been interpreted to prevent the municipalities from defending or indemnifying certain individuals for certain actions. Opinions have been rendered from this office (1966 Atty Gen [Inf Opns] October 14; 1977 Atty Gen [Inf Opns] January 28, June 16 and October 28) and the State Comptroller (Opns St Comp, 1966, pp 738, 1010 and 1037; Opns St Comp, 1967, p 718; Opns St Comp, 1971, pp 576 and 646), in an attempt to explain who may be defended and indemnified and under what circumstances. The courts have also addressed this situation and the Appellate Division of the Supreme Court in Levine v. Miteer,16 App. Div. 990, 991 (3d Dept, 1962), stated that:
 "* * * It is well settled that the village could not provide funds for the defense of an official in a criminal action or even in a civil action where no benefit inures to the village (Matter of Chapman v. City of New York, 168 N.Y. 80; Buckley v. City of New York, 170 Misc. 412, affd. 264 App. Div. 116, affd. 289 N.Y. 742). It is equally settled, however, that where an action is defended as an official duty rather than for personal motives it is proper for the village to authorize payment of expenses * * *."
The foregoing authorities make it clear that under no circumstances may the village defend or indemnify the trustees for acts committed outside the scope of their authority. Furthermore, since the Municipal Home Rule Law, § 10 (1) (i) prohibits the adoption of a local law inconsistent with a provision of the Constitution, the village could not enact any law which would authorize what would amount to an unconstitutional gift.
With respect to enactment of legislation which would authorize payment for the defense and indemnification of the trustees for lawsuits brought against them in their official capacity for authorized acts, the general proposition must be kept in mind that municipalities possess only those powers specifically delegated to them by the State or necessarily implied therefrom (Seaman v. Fedourich, 16 N.Y.2d 94). While we find no specific statutory authority which would allow the village to enact such legislation, we feel that the village may derive the power from the New York State Constitution, Article IX, §§ 1 and 2, and Municipal Home Rule Law, § 10. It is our opinion that this type of "save harmless" law would simply reaffirm municipal liability and as such, would not authorize an unconstitutional gift. Although we do not pass on the wisdom of exposing the village to potential liability instead of purchasing insurance pursuant to General Municipal Law, § 52, the village could enact such local law keeping in mind the limitations set forth above.