WITHERBY *against* MANN AND MANN.

*Where a negotiable note has been received, expressly in satisfaction of a judgment, it is an extinguishment of the judgment debt. And where the defendant, who gave such note, entered into the contract on which the judgment was recovered, as surety, he may maintain an action against his principal, although there has been no satisfaction entered of record, and the note still remains unpaid.*

THIS was an action of *assumpsit* on a special agreement to indemnify, and on the money counts. It was tried at the *Chenango* circuit, in *June*, 1814, before Mr. Justice *Spencer*.

The plaintiff had, on the 30th of *July*, 1812, joined with the defendants, as their surety, in a promissory note to *H. Vanderlyn* for 89 dollars and 53 cents, payable in three different instalments. The defendants, on the same day, entered into a written agreement with the plaintiff to keep him harmless from all costs, trouble, and damages, by reason of his signing the note. Judgments were recovered by *Vanderlyn* on each of the three instalments.

*Vanderlyn*, who was produced as a witness, testified that he had received from the plaintiff twenty dollars on the judgment on the second instalment ; and that upon the judgment on the last instalment, he had received from the plaintiff his promissory negotiable note for 52 dollars and 17 cents, being the amount of that judgment, which note remained unpaid, and was received by him in full satisfaction of the judgment, and for which he gave a receipt as for so much money, being the amount of the judgment. It was also proved that the plaintiff had been put to some trouble and expense in consequence of the proceedings against him as surety.

The judge charged the jury that the evidence amounted to proof of a satisfaction of the judgment on the last instalment, and that the plaintiff was entitled to recover the amount of the same, as well as the 20 dollars which he had paid, besides damages for his necessary trouble and expense. The jury accordingly found a verdict for the plaintiff for 86 dollars and 43 cents.

It was agreed that if the opinion of the court should be that the plaintiff was not entitled to recover the amount of the judgment on the last instalment, judgment of nonsuit should be entered.

A motion was made to set aside the verdict, and for a new trial.

*Van Buren*, for the defendants, contended that the giving the promissory note was not a satisfaction of the judgment; and if it were, it was not, under the circumstances of the case, a payment, so as to give the plaintiff a right of action against the defendants, without showing that the judgments were satisfied and discharged of record.

Again, the third count alleges that the plaintiff paid the 52 dollars for the defendants. To support his action on this count, the plaintiff must show that he actually paid the money. Giving a note or bond is not such a payment as will maintain the action.* 

* 8 Johns. Rep. 202.

*Vanderlyn*, contra, insisted that a *negotiable* note, like bank paper, when received in payment, is equivalent to so much money. It was so decided by Lord *Kenyon*, in *Barclay* v. *Gooch*,† and which was recognised by this court in the case of *Cumming* v. *Hackley*.‡ In *Drake* v. *Mitchell*,§ it was admitted that if it had been averred and shown that the note had been accepted in satisfaction of the debt, it would have been a sufficient bar.

† 2 Esp. N. P. Cases, 571.
‡ 8 Johns. Rep. 202.
§ 3 East, 251.

In *Sheehy* v. *Mandeville*,‖ *Marshall*, Ch. J. considered it as a principle well settled that the note of one of the parties, or of a third person, may, by agreement, be received in payment. The same principle is laid down by this court in *Tobey* v. *Barber*,** and in *Johnson* v. *Weed*.††

‖ 6 Cranch, 253. 264.

** 5 Johns. Rep. 68.
†† 9 Johns. Rep. 312.

In the civil law, by a *novation* or substitution of a new debt for an old, the old debt is extinguished by the new one contracted in its stead; and though, by the *English* law, a mere agreement to substitute one contract in the place of another, does not operate as an extinguishment; yet if the new contract is executed or accepted in satisfaction, it operates as an extinguishment, and may be pleaded in bar of the original debt.‡‡

‡‡ Pothier by Evans, 381.390. and notes, part 3. c. 2.

By the civil law, to entitle the surety to bring his action against his principal, for the debt of the principal discharged by the surety, it makes no difference whether such payment has been made in money, or by a compensation or *novation*.§§

§§ 1 Pothier by Evans, 277. part 2. c. 6.s.7.

This action is brought on the special count in the declaration, and it is that on which the plaintiff relies; not on the money counts.

There is but one point for the consideration of the court, that is, whether the note given to *H. Vanderlyn* was a payment and satisfaction of the original debt or not.

YATES, J. delivered the opinion of the court. The question is whether the note given for the payment of 52 dollars and 17 cents, is such an extinguishment of the debt due on the judg-ment, for the last instalment, as to authorize this action either on the special agreement or the money counts.

The mere giving a bond for the debt of another is no pay-ment; and an action for money paid, laid out, and expended for the use of the person for whose debt the obligation is given, will not lie. The money must actually be advanced, to sus-tain the action. (*Cummings* v. *Hackley,* 8 *Johns. Rep.* 202.) But this principle has not been extended to all kinds of securities thus given. There are cases in which negotiable paper has been held equivalent to the payment of money, to which it is in some measure analogous, as when the note has been nego-tiated, and is in the hands of an innocent endorsee. He, of course, would be protected ; and, unless it was considered as a payment of the original debt, the drawer might be made to pay twice. So when the note has been accepted and paid in satis-faction of the debt. The note, in this case, has not been ne-gotiated, but has been accepted and received by the party in whose favour the judgment was obtained, in satisfaction of the debt, which is sufficient to authorize this recovery. The decisions cited against this, apply only to cases where the note or bill has not been accepted in satisfaction for the debt.

In *Drake* v. *Mitchell,* (3 *East,* 251.) the distinction is stated. There one of three joint covenantors gave a bill of ex-change for part of a debt secured by the covenant, on which bill judgment was recovered ; the court said that such judg-ment was no bar to the action against the three ; because, the bill does not appear to have been received in satisfaction of the debt.

In *Toby* v. *Barber,* (5 *Johns. Rep.* 68.) this court decided, that a note is not a payment of a precedent debt, unless there is an express agreement to accept it in payment; and the same principle is laid down in *Johnson* v. *Weed and another,* (9 *Johns. Rep.* 310.)

The conclusive evidence in this case, as to the acceptance of the note by the holder of the judgment, entitles the plaintiff to retain this verdict. It was not necessary that satisfaction of the

judgment should be entered to consummate his right to reco-ver. The note having been given and accepted in extinguish-ment of the debt, is sufficient for the purposes of this action. The defendant has received the full benefit ; the debt has been satisfied ; and, as to him, it is the same as if so much money had been paid for him. It was proper evidence to support the count in the declaration, for so much money paid, laid out, and expended, and which the plaintiff ought to recover. The ver-dict must, therefore, stand, and the plaintiff is entitled to judg-ment.

Judgment for the plaintiff.