Ruffin, Chief Justice.
 

 The plaintiff, the defendant and David Nowland were the joint- sureties of John C. Elliot, as the administrator of James Hoard, deceased. Elliot died insolvent and indebted’ to the estate; and administration
 
 de bonis non
 
 was granted to the present plaintiff. The next of kin of Hoard filed their bill in the Court of Equity, and obtained a decree against the present plaintiff and Nowland for the balance due from Elliot; and issued an execution, which was returned “ satisfied-.”’ The mode in which it was satisfied was this: The present plaintiff gave to the creditor his note, with a surety, for one half of the sum; and the creditor accepted the same in satisfaction; and Nowland settled the other half. This-action of assumpsit, for money paid to the use of the defendant- and at his request,- was then brought to obtain contribution from him.
 

 On the trial, the counsel for the defendant objected, amongst other things, that this action would not lie, as the plaintiff had only given his note for the money. But the Court held that to be'such a payment as would enable the plaintiff to maintain the action;
 

 There has been a tendency towards relaxing the strict rule, which requires the party to pay money, before he can bring an action for money paid. It is, indeed, established, that money’s worth, as bank notes, a horse parted from at an agreed price, or the like, are to be looked upon as money, for the purposes of an action of this kind. In New York,
 
 *288
 
 ¡t has,' moreover, been held, that if a surety give a note and ^ie credit°r accept it in satisfaction, and give a discharge of the original debt, it is sufficient to give the surety his action aga¡nst the principal.
 
 Witherly
 
 v.
 
 Mann,
 
 11 John. Rep. 518. That case has been fallowed by so many others, that the doctrine may be considered as‘settled m that State. In some cases, doubtless, it may promote convenience and perhaps justice. When this case Was first opened to us, we were favorably inclined towards it, upon the ground that the plaintiff was conclusively bound for the money, and that the defendant was discharged from his former liability, and so had all the benefit of a payment. It struck us, therefore, that he ought not to say, the plaintiff had not paid the money. But we believe, upon consideration, that, having regard to the distinctive principles of actions, we are obliged to hold, that, the plaintiff has not entitled himself to this action as yet. In the instances of
 
 bank notes,
 
 property, or even passing a bill or note made by a third person and belonging to the surety, the party parts from a thing that is valuable in itself. But when he givé's his own bond or note, he is, in fact, nothing out of pocket until he pays it. He has merely given a neW security for the debt, and may never pay it. The discharge of the principal from the original demand is hot sufficient to support the action; fot that applies equally to a voluntary release given by the creditor at the instance of the surety, and in that case the action certainly would not lie. Now, there are many ways in which it may happen that the present plaintiff may escape from paying this debt. He may not be called' on for it by the creditor; or he may become insolvent; or his note may be void,. as founded on or connectéd' with an usurious contract, for example: so that it is quite possible he may evade the payment. While that is so, however the parties may have treated the note in giving and receiving it', the law cannot deem it equivalent to money. The plaintiff is, as yet, none the poorer by the defendant, and until he shall be, we think the action for money paid cannot lie. It is against elementary principles that it should. If, indeed, there had been with us a series of adjudged cases, as in New York, or even one judgment ' of
 
 *289
 
 this Court, we should, probably, have been willing, if felt ourselves bound, to follow the precedent. But we do not know of any such case, and we do not feel authorised, against principle, to make the precedent. At one time it was held by Lord Kenyon, at
 
 Nisi Prius,
 
 and, it would seem, also by the Court of King’s Bench, that a promissory note of the party’s own, if taken in payment, might be considered as money..
 
 Barclay
 
 v. Gooch, 2 Esp. N. P. Rep. 571. But that case has not been followed; and whenever it has been since mentioned, it has been disapproved. It was questioned and disregarded in
 
 Taylor
 
 v. Higgins, 3 East. 169. In
 
 Maxwell
 
 v. Jameson, 2 Barn. and Alder. 51, the surety took up the note of his principal by giving his own bond to the creditor; but he was not allowed to recover for money paid. In that case, the Gourt considered
 
 Barclay
 
 v.
 
 Gooch
 
 and
 
 Taylor
 
 v.
 
 Higgins
 
 inconsistent with each other, and therefore followed the last, especially as it was consistent with principle. For these reasons, we think the judgment erroneous, and it must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Jqjlgment accordingly.