The plaintiff acted in good faith and in obedience to the defendant's instructions. He supposed the company to possess the authority it assumed, and he found himself involved in a serious liability by fidelity in the discharge of a duty imposed by his principal, where he was wholly free from intentional wrong. Under these circumstances the company very properly assumed the burden of defending his act. Whether the judgment recovered against him was right or wrong, is a question which does not arise on the present appeal. If it was right, the defendant should have paid it, without exposing him to imprisonment, for an act done in good faith, in the interest and by the orders of the company. If it was wrong, the error should have been corrected by a review of the judgment. The appellant chose to abandon the defense and permit him to be the sufferer. The court below was right in holding that the plaintiff was entitled to redress. There is an implied obligation on the part of the principal to indemnify an innocent *Page 299 
agent for obeying his orders, where the act would have been lawful in respect to both, if the principal really had the authority which he claimed. (Adamson v. Jarvis, 4 Bing. 66;Coventry v. Barton, 17 Johns. 142; Powell v. Trustees ofNewburgh, 19 id. 284, 289; Story on Agency, §§ 339, 340.)
The record of the judgment recovered by Hotchkin was properly admitted as evidence. (Kip v. Brigham, 6 Johns. 158;Blasdale v. Babcock, 1 id. 517.) There was no error in permitting proof of the fact, that the plaintiff used no more force than was necessary, in removing Hotchkin from the car. It appeared, presumptively, from the record, that the judgment was rendered on the ground that the removal itself was unlawful, and not on the ground of excessive force in the exercise of a legal right; but, it could not prejudice the defendant to exclude any possible conclusion that the latter was the ground of recovery. (Dunkle v. Wiles, 1 Kern. 420; Gardner v. Buckbee, 3 Cow. 120).
There is no force in the objection that the assignee of the judgment accepted the note of the plaintiff in lieu of actual payment. In respect to the right of the latter to indemnity, he stood to the defendant in the relation of a surety; and it is well settled that in such a case, the acceptance by the creditor of the note of the surety, in satisfaction of the demand, is equivalent to actual payment. (Chase v. Hinman, 8 Wend. 456;New York State Bank v. Fletcher, 5 id. 85; Barclay v.Gooch, 2 Esp. 571; Clark v. Pinney, 6 Cow. 297; Wetherby
v. Mason, 11 Johns. 518.)
Other points were urged in behalf of the appellant, but we think them plainly untenable.
The judgment should be affirmed.
All the judges concurring, except BOCKES, J., who took no part in the decision,
Judgment affirmed. *Page 300