EDWARD DRAKE, RESPONDENT, *v.* WILFRED W. PORTER
AND THOMAS C. BASSETT, APPELLANTS.

*Undertaking — by continuing partner to secure payment of firm liability — what
covered by — what constitutes a payment.*

The plaintiff, upon dissolving a partnership, conveyed all the assets to the continuing partner, Thompson, who, having agreed to pay and discharge all firm liability, gave to the plaintiff a bond, signed by himself and the defendants, as sureties, conditioned to pay all the debts and liabilities owing by the firm, due or to become due, and to save plaintiff harmless from the payment of any and all firm debts and liabilities, of every name and nature, then owing by them. Subsequently, actions were commenced against the plaintiff and Thompson upon certain notes given by the firm. The summons was served upon Thompson alone, who engaged an attorney to appear for both, and who suffered judgment to go by default. Plaintiff, having obtained leave to open the judgment, defended the action and procured the complaint to be dismissed. This action was brought to recover the amount paid to plaintiff's attorneys for their services in defending the action, plaintiff having given his promissory note to them for the amount, which was accepted by them in payment thereof. *Held,* that the attorneys having accepted plaintiff's notes in payment of their bill, he was entitled to recover the amount as money actually paid by him; That the amount so paid was within the condition of the bond, and that the sureties were liable therefor.

APPEAL from judgment in favor of the plaintiff entered on the report of a referee.

On the 8th January, 1870, the plaintiff and Mark V. Thompson became copartners in the city of Syracuse in the stove business. This firm succeeded that of Drake & Wells who had previously carried on business at the same place, Thompson taking the place and assuming the responsibilities of Wells, who retired from the business.

In 1872 a disagreement arose between Drake and Thompson, in reference to their partnership matters, and one Bassett was appointed receiver of the property and effects of said firm.

On the 28th of April, 1872, an agreement in writing was entered into between said Drake and Thompson, whereby it was, amongst other things, stipulated and agreed that an inventory should be made of the property of said firm at cost price, and that whichever

should offer most for the property of said firm should have it, and the other party should sell to him his interest in said property. It was further agreed in and by said written agreement, that the partner who purchased should assume all the partnership debts and release the retiring partner therefrom.

An inventory had been made by the receiver of the property of said firm in March, 1872, and on the twenty-eighth of April it was agreed that the inventory thus taken should be accepted in place of the one agreed to be made in the contract of the twenth-eighth of April above mentioned, and that any consideration of over or under estimate in the March inventory, or in transactions subsequent to said inventory, should be covered by the offers of said partners, according to the terms of said contract for the retention and disposal of their respective interest in the concern.

Thompson subsequently became the owner of the partnership effects at a price mutually agreed upon, and he agreed with Drake to give him, in consideration of such purchase, a bond of indemnity under the hands and seals of the defendants, dated 26th day of April, 1872, with a condition that if said Thompson, his heirs and assigns, etc., should pay or cause to be paid all the firm debts and liabilities of every name and nature then owing by the firm of Drake & Thompson on their partnership accounts due or to become due, or in any wise connected with the business of said firm, and save Drake harmless from the payment of any and all firm debts and liabilities of every name and nature then owing by them in any manner whatever, then the said obligation to be void, otherwise to remain in force.

During the existence of said firm of Drake & Thompson they purchased of one Hinman an interest in a patent-right, for which they gave five notes of said firm of $100 each, dated 23d July, 1870, and payable in six, nine, twelve, eighteen and twenty-four months from date. At the time of the purchase by Thompson of Drake's interest in the copartnership assets, and at the time the bond was given by the defendants to Drake, these notes were held by said Hinman ; nothing had then been paid on them. These notes were not included amongst the liabilities of the firm, because the partners believed that they were not valid obligations against said firm, as the patent proved to be worthless.

On or about the 1st September, 1872, Hinman commenced an action on said notes against the members of said firm, the summons being served on Thompson alone, who employed an attorney to appear and defend for both. The attorney did appear and defend the said action for both.

A judgment was taken by default against both for the whole of said notes, together with the interest thereon and the costs of the action. Drake, after the recovery of the judgment, caused notice of the levy of the execution on said judgment upon his property to be served on the sureties in said bond, and that he would hold them responsible upon said bond for such sum as he should be required to pay upon said judgment. The sureties paid no attention to said notice. Drake thereupon moved to be let in to defend said action, and the motion was granted and he thereupon put in an answer, and the cause was tried in June, 1874, and the complaint was dismissed, with costs.

The attorneys employed to obtain leave to defend said action, and who defended it, brought in a bill against Drake for their services for $318.93, and for which Drake gave the said attorneys his note, which was taken in payment of said indebtedness before this action was commenced.

This action was brought to recover the amount so paid as aforesaid to the attorneys for the defense of said action, with another claim that was rejected by the referee, and as to which no question arises on this appeal. The defendants, Porter and Bassett, appeared; the defendant Thompson did not appear.

The answer contained, first, a general denial of the allegations in the complaint; second, that before the defendants executed said bond, the plaintiff represented to them that the inventory of their liabilities contained a full and complete statement of all debts due by the said firm of Drake & Thompson, and that there was no claim against said firm upon said notes given for the patent-right, and that defendants, relying on said statement, executed said bond, and insist that the plaintiff is estopped from setting up any claim not contained in said inventory; third, that the representation by Drake that the inventory contained all the liabilities of said firm was false and fraudulent and made with a view to deceive and defraud said defendants, and that they have sustained damages, by

reason of such false and fraudulent representations, to the amount of $500, which they insist upon by way of recoupment against the claim of said plaintiff.

The referee found the facts as hereinbefore stated, and ordered judgment in favor of the plaintiff for the sum of $355.27, together with the costs of the action.

*George N. Kennedy*, for the appellants.

*Irving G. Vann*, for the respondent.

Mullin, P. J.:

The bond on which this action is brought is dated the 26th April, 1872. The plaintiff did not give his note for the costs, which he seeks to recover of the defendants, until just before this action was commenced, which was in April, 1875. It follows that the claims in suit accrued subsequent to the execution of the bond.

The condition of the bond is, that the obligors should pay, or cause to be paid, all the firm debts or liabilities now (that is on the 26th April, 1872) owing by Drake & Thompson on their joint partnership accounts, due or to become due, or in anywise connected with the business of said firm, and save Drake harmless from the payment of any and all firm debts and liabilities, of every name and nature, now owing by them in any manner whatever.

Without stopping to inquire whether the defendants are liable on the clause of the condition by which they agree to pay the debts due and owing by the firm of Drake & Thompson, I propose to consider the question of their liability on the indemnity clause of the condition. The costs of Fuller & Vann, the attorneys who procured the order of the court allowing the plaintiff to appear and answer in the action after judgment had been entered against both the partners on the patent-right notes, and who subsequently defended the action and nonsuited the plaintiff, were not a debt due by the firm of Drake & Thompson at the time the bond was given, but it became a debt due by them when the judgment of nonsuit was entered on the 16th June, 1874. To entitle the obligee in an indemnity bond to recover costs of actions brought against

him for the recovery of copartnership liabilities, he must show that he has paid them, or been in some way damnified thereby.

In *Churchill* v. *Hunt* (3 Den., 321), it was held that, upon a bond conditioned to save harmless and indemnify the obligee against his liability as maker of a note held by a third person, and to pay the same or cause it to be paid, the obligee may, without having paid any thing, recover the amount of the notes against the obligor upon his failure to pay the holder, but he cannot recover the costs of a judgment obtained against him on the notes when he has not paid them.

The costs of Fuller & Vann were due from the firm, and if the plaintiff has paid it, he is entitled to recover.

In the following cases it has been held that the obligee in an indemnity bond was entitled to recover on the bond when he had given to a creditor of the firm a promissory note for the demand, which the creditor agreed to receive in payment of his claim against the firm of which the plaintiff was a partner: *Witherby* v. *Mann* (11 Johns., 518); *Rodman* v. *Hedden* (10 Wend., 498); *Howe* v. *Buffalo, New York and Erie Railroad Company* (37 N. Y., 297); *Doolittle* v. *Dwight* (2 Met., 561); *Lee* v. *Clark* (1 Hill, 56).

The referee was right in holding that plaintiff had paid the costs so as to entitle him to recover.

The appellants' counsel moved for a nonsuit at the Circuit, and asks for a reversal of the judgment by this court on the ground that the costs sought to be recovered were not a debt against the firm at the time the bond was given. The bond does, in terms, provide that the obligors shall pay the debts of the firm *now* (at the date of the bond) due or to become due.

If the obligors had paid the debts claimed to be due from the firm, the bill of costs in controversy would never have accrued; and it comes with a bad grace from the defendants to refuse to pay the costs occasioned by their own breach of the conditions of the bond. It is true the partners, by defending the action, defeated a recovery on the patent-right notes, and they should the more cheerfully pay the costs incurred in the defense of the action.

The referee was right in holding that plaintiff was not chargeable with fraud in telling, at or before they signed the bond, that the patent-right notes were not a valid claim against the firm. He

declared to them the facts relating to the notes, and the action brought to enforce them, and gave it as his opinion that the firm was not liable on the notes.

The defendants had the same means that plaintiff had to determine the question of liability, and was as competent to form an opinion as to the legal liability of those who should become sureties on the bond.

The judgment must be affirmed.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed.