NEIL KENNEDY, Plaintiff, *v*. THE TRAVELERS INSURANCE COMPANY and Others, Defendants.

Supreme Court, Chautauqua County, July, 1926.

Insurance — automobile liability insurance — defendant insurance carrier covered plaintiff's employer by public liability policy against loss on account of damages to person or property — policy also recited that carrier would defend any action brought against employer and pay all costs therein — plaintiff, while in employ of assured, caused employer's automobile to collide with automobile of third party — action of plaintiff to recover amount of judgment paid by him in action brought by said third party and defended by carrier — Highway Law, § 282-e, does not require provision in liability insurance policy indemnifying driver of assured against liability — negligence of plaintiff was not lawful or authorized act of employer — complaint dismissed for insufficiency with leave to serve amended complaint.

Defendant insurance carrier, which covered plaintiff's employer by a public liability insurance policy whereby it agreed to indemnify said employer against loss ·by reason of liability on account of damages to persons or property and to defend any actions brought against said employer and pay all costs therein, was not required by section 282-e of the Highway Law to include a provision in said policy to indemnify any of its assured's drivers against liability, for said section was not enacted for the protection of the operator of ·an automobile in the use thereof, but for the protection of persons injured or suffering property damage through the wrongful use of the vehicle.

Accordingly, the first cause of action set up in the complaint of the plaintiff ·herein, who, by reason of an action brought against him and the president of his employer, individually, for damages caused by reason of a collision with an automobile of a third party, was compelled to pay a judgment recovered by said third party, must be dismissed for insufficiency, where it is predicated upon the theory that his employer and the insurance company were obligated under section 282-e of the Highway Law to include a provision in the policy of insurance issued by said carrier to secure indemnity against liability and responsibility on the part of the operator of an automobile.

A second cause of action recited in plaintiff's complaint whereby plaintiff seeks to be reimbursed for the moneys expended by him in payment of the judgment obtained against him on the theory that the accident upon which the judgment was predicated was in the due course of his employment as an agent and employee of his employer, must be dismissed, for the action against said plaintiff was based upon the negligence of the plaintiff which was not an act either lawful or authorized by the employer. However, plaintiff should be permitted to serve an amended complaint.

Supreme Court, July, 1926.    [Vol. 127

Motion by the plaintiff to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Jackson, Manley & Herrick* [*John E. Durkin* of counsel], for the plaintiff.

*Harold J. Adams,* for the defendants.

Harris, J.   The complaint herein alleges that plaintiff was employed as a mechanic by the defendant Eagle Garage Company, Inc., and was directed to drive one of its automobiles to Buffalo, and in the course of the trip this automobile came into collision with another automobile owned by one Shotoff.   The defendant Eagle Garage Company, Inc., at the time of such accident, was covered by a public liability policy of insurance written by the defendants the Travelers Insurance Company and the Travelers Indemnity Company.

By such policies said insurance companies did agree, among other things:

1. To indemnify the garage company against loss by reason of the liability imposed by law for damages on account of injuries and property damage.

2. To defend in the name and on behalf of the garage company any suits which might at any time be brought against said garage company on account of injuries and property damage and demanding damages therefor, although such suits, allegations or demands are wholly groundless, false or fraudulent.

3. To pay all costs taxed against said garage company in any legal proceedings defended by said insurance companies, all interest accruing after entry of judgment, all expenses incurred by said insurance companies for investigation, negotiation or defense, and the expenses incurred by said garage company for such immediate surgical relief as shall be imperative at the time any such injury is sustained.

4. That such agreement should apply to such injuries sustained by any person or persons except those employed by the garage company or to whom the garage company may be held liable under any Workmen's Compensation Law, scheme or plan, but that said agreement should not apply to any such injuries caused by any person employed by the garage company in violation of law as to age, or if there is no legal age limit, under the age of fourteen years, nor release of legal age limit, under the age of sixteen years, in the operation of any automobile.

5. That said agreement should apply to such injuries so sustained as caused by work incidental and necessary to the conduct of the automobile sales agency, service station or public garage located

and described in said policy, which for the purpose of insurance shall include the work of making ordinary repairs for the preservation of machinery or buildings and the renewal of existing mechanical equipment and shall also include all structural or mechanical repairs to automobiles or their parts if undertaken by the garage company as a part of the work therein defined. That said agreement should also apply to such injuries so sustained if caused by the ownership, maintenance or operation within the limits of the United States of America or the Dominion of Canada of any style, type or make of automobile, tractor or trailer for any and all purposes in connection with the work therein defined including pleasure use but not the livery use of automobiles nor the carrying of passengers or property for an actual consideration.

6. That said agreement should apply to such injuries and property damage sustained by reason of accidents occurring during the policy period from November 12, 1923, to November 12, 1924, at twelve and one minute o'clock A. M. standard time.

The complaint further alleges:

" *Fourth.* That the said Policy of Insurance above referred to was made and executed by the said Insurance Companies for the benefit and protection of said plaintiff while in the performance of duties as an employee and agent of the said garage company, and that said policy was in force on November 7, 1924."

It appears that plaintiff notified his employer of the accident, and the employer notified the insurance carriers, the other defendants herein. The said Shotoff, the man injured, brought suit in negligence against the plaintiff, joining in such suit as a codefendant one Olmstead, who is the president of the defendant Eagle Garage Company, Inc., however not as an officer of such company but as an individual. On being served with a summons and complaint, the plaintiff herein delivered the same to his employer, the defendant Eagle Garage Company, Inc., and such employer delivered such papers to the defendant insurance companies, who prepared an answer for the plaintiff herein, made preparation for trial and later conducted the defense of the action in which this plaintiff was one of the defendants. The plaintiff herein was advised by the defendants that it would not be necessary for him to have a personal attorney, as the matter was one the insurance companies would handle. On the trial of the action brought by the said Shotoff against the plaintiff herein and the said Olmstead, the complaint against the said Olmstead was dismissed and the trial resulted in a verdict in favor of the said Shotoff and solely against the plaintiff herein for the sum of $500; judgment was entered upon such verdict to the amount of $608.55, and thereafter execution was issued

against the plaintiff for such judgment, including further disbursements, making a total of $637.73, which the plaintiff herein paid. The plaintiff demanded that the defendants herein reimburse him for such payments, and such demand being refused he has now brought this suit.

The plaintiff states in his complaint herein two alleged causes of action against the defendants. The first cause of action is based on the theory that the three defendants were obligated under the statutes of this State to include a provision in the said policy of insurance for indemnity or security of its drivers against liability and responsibility, and that he was entitled to be protected from loss on account of such accident, suit and judgment. To sustain such theory the plaintiff argues that section 282-e of the Highway Law (added by Laws of 1924, chap. 534, as amd. by Laws of 1925, chap. 167), which is as follows:

" § 282-e. Negligence of operator other than owner attributable to owner. Every owner of a motor vehicle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner. * * * " provides by inference that the owner of a motor vehicle operated by any person lawfully using or operating the same, with permission, express or implied, of such owner, is bound to secure indemnity against liability and responsibility on the part of the operator.

This court cannot agree with such a contention. It is apparent from the study of section 282-e of the Highway Law that such section was placed upon our statute books, not for the protection of the operator of the car in his use of the car, but for the protection of anybody injured or suffering property damage through wrongful use of the car.

After a thorough examination of the first alleged cause of action in the complaint contained, I have reached the conclusion that the defendants are entitled to an order dismissing such alleged first cause of action.

In reference to the alleged second cause of action, the plaintiff seeks to be reimbursed for the moneys expended by him in payment of the Shotoff judgment against himself, on the theory that such accident was in the due course of his employment as an agent and employee of such Eagle Garage Company, Inc., defendant, and to support this contention he cites a number of cases, principal among which is *Howe* v. *Buffalo, N. Y. & Erie R. R. Co.* (37 N. Y. 297). In the *Howe* case so cited the plaintiff therein had been

sued by one Hotchkin because the said Hotchkin had been ejected from a railroad car of the Buffalo, New York and Erie Railroad Company, under specific instructions given to the said Howe by his employer, the said railroad company. Subsequently, the said Hotchkin sued and secured a judgment against the said Howe, who then, in the case cited, sued his employer for reimbursement. It was held in the *Howe* case that the plaintiff could recover on the theory that there was an implied obligation on the part of the principal to indemnify an innocent agent for obeying his orders where the act would have been lawful in respect to both if the principal really had the authority which he claimed. This rule does not apply to the action at bar. The action of Shotoff against the plaintiff herein was based upon the negligence of the plaintiff herein, and such negligence was not an act either lawful or authorized by the employer, Eagle Garage Company, Inc. In view of this, I cannot see where the plaintiff herein would have a right to recover reimbursement from the defendants herein, and I am, therefore, of the opinion that the second cause of action should be dismissed.

However, it may be that the plaintiff is able and desires to plead again, stating sufficient facts in an amended complaint to establish a cause of action on the ground that in taking over the defense of the Shotoff case the defendants herein agreed to protect and indemnify him against an adverse verdict or on the ground that he suffered damage through negligence in the manner in which his interests were looked after. In view of this, an order may be prepared and submitted providing for the dismissal of each of the two causes of action in the complaint, but further providing that the plaintiff herein may have twenty days after the service of such order within which to serve an amended complaint, if he so desires.