ESTATE OF PETER CANALE et al., Respondents, *v.* BINGHAMTON AMUSEMENT CO., INC., et al., Appellants; BINGHAMTON ENTERPRISE, INC., et al., Respondents. (Action No. 1.)

SUSAN O. TROZZE, Respondent, *v.* BINGHAMTON ENTERPRISE, INC., et al., Appellants; ROBERT W. MCCARTHY et al., Respondents. (Action No. 2.)

Third Department, July 25, 1974.

*Shaw, Esworthy, O'Brien & Crowley (Maurice P. O'Brien* of counsel), for Binghamton Amusement Co., Inc. and another, appellants.

*Night, Keller, O'Connor, Ball & McDonough (Thomas F. O'Connor* of counsel), for Binghamton Enterprise, Inc., appellant.

*Hinman, Howard & Kattell (John M. Keeler* of counsel), for Columbia Gas of New York, Inc., respondent.

*Kramer, Wales & McAvoy (Philip J. Kramer* of counsel), for Estate of Peter Canale and another, respondents.

*Chernin & Gold (Donald M. Flanagan* of counsel), for Susan Trozze, respondent.

STALEY, JR., J. The two actions are based on negligence which allegedly caused the destruction by fire of a building owned by plaintiffs, Canale, in Action No. 1, and damaged personal property of the plaintiff in Action No. 2 who was a subtenant in the building. Defendant Binghamton Enterprise, Inc. (hereinafter called Enterprise) was the main tenant in the building, and defendant George Miles was the president and sole stockholder of the corporation. Binghamton Amusement Co. (hereinafter called Amusement) through its employee, James Curran, allegedly attempted to repair a gas furnace, and his alleged negligence in such repairs allegedly was the cause of the fire that destroyed the building. The verdict in favor of plaintiffs in Action No. 1 apportioned the damages on the basis of 25% against Enterprise, 65% against Amusement, and 10% against Curran, and in Action No. 2 on the basis of 25% against Enterprise and 75% against Amusement.

The issues raised on these appeals are (1) that the evidence was insufficient to establish the proximate case of the fire and any liability therefor; (2) that the trial court erred in its charge to the jury with respect to damages in Action No. 1; (3) that plaintiffs' attorney made prejudicial remarks in his summation; and (4) that the verdicts, particularly in Action No. 1, were inconsistent.

The record contains much conflicting testimony concerning the events prior to the outbreak of the fire and the actions of the individual defendants. In our opinion, there is sufficient evidence from which the jury could properly find liability against Enterprise for failure to adequately supervise the premises under its control, or to correct a known dangerous condition, and also against Amusement for the negligent acts of its

employee in the manner in which he attempted to repair the furnace which caused the fire. On the issue of the trial court's charge as to damages in Action No. 1, the plaintiffs presented the only expert testimony on value of the building and damages caused to the property. The trial court, in its charge, totaled the items testified to by the expert witness, and then directed that the plaintiffs should be awarded such total sum if they were entitled to recover from any defendant. Amusement contends that since the lease of the property contained an option to buy the property for $18,000, the determination of total damages should have been left to the jury. The option clause was at best only some evidence of value and, in view of the fact that the only testimony on valuation and damages came from plaintiffs' expert, his values were properly accepted by the court and jury. We also find that the remarks of plaintiffs' attorney on summation, which are conceded to be partly inaccurate, were not so prejudicial as to require a new trial.

On the issue of inconsistent or incorrect verdicts, we believe that the apportionment of damages in Action No. 1, where 65% of the damages was apportioned against Amusement, the employer, and 10% against Curran, the employee, was error. If a corporation is vicariously liable for the acts of its employee, there can be no unequal apportionment of liability between corporation and employee since there was but a single wrong. (*Martindale* v. *Griffin*, 233 App. Div. 510, affd. 259 N. Y. 530; *Kinsey* v. *Spencer & Son Corp.*, 165 Misc. 143, affd. 255 App. Div. 995, affd. 281 N. Y. 601.) The trial court erred when it accepted that part of the jury's verdict in Action No. 1 which made an apportionment between Amusement, the employer, and Curran, the employee. (*Rogers* v. *Dorchester Assoc.*, 32 N Y 2d 553; Ann. 46 ALR 3d 820.)

In *Rogers* v. *Dorchester Assoc.* (*supra*, pp. 565-566), referring to the rule in *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143), Chief Judge BREITEL stated as follows: "It was hardly intended to overturn basic and satisfactory principles of common-law indemnification between vicariously liable tort-feasors and tort-feasors guilty of the acts or omissions causing the harm. In short, the apportionment rule applies to those who in fact share responsibility for causing the accident or harm, and does not extend further to those who are only vicariously liable, as the employer of a negligent employee, the owner of a motor vehicle operated by a negligent driver, or, as here, the owner of a building who contracts with an independent contractor exclusively responsible for maintenance of the building or parts of it."

Under the circumstances here, the verdict of the jury which apportioned part of the damages in Action No. 1 between Amusement and Curran was clearly erroneous. However, in actions where the jury has erroneously apportioned damages, a verdict thus rendered is merely erroneous in form, and the court has the power to correct it, and the severance of the items of damage does not necessitate a new trial. (*Kinsey* v. *Spencer & Son Corp., supra*; *Polsey* v. *Waldorf-Astoria,* 216 App. Div. 86; cf. *Brown* v. *City of New York,* 40 A D 2d 785.) The verdict in Action No. 1 should be corrected to apportion damages on the basis of 25% against Enterprise, and 75% against Amusement and Curran. The money judgments appealed from were in favor of the plaintiffs against those defendants found to be liable. Where there has been an apportionment of damages between codefendants, the parties are entitled to enter a separate judgment setting forth the items of apportionment among the defendants liable. (See Practice Commentary by Professor David D. Siegel, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3019.58, pp. 275–276.) In Action No. 1 the parties may enter a separate judgment apportioning damages on the basis of 25% against Enterprise and 75% against Amusement and Curran, and in Action No. 2, the parties may enter a separate judgment apportioning damages on the basis of 25% against Enterprise and 75% against Amusement. The other issues presented have been considered and found to be without merit.

The judgments should be affirmed, with costs.

REYNOLDS, J. (dissenting). The plaintiffs, the estates of Peter and Lorenza Canale, owners of the building involved, and Susan Oropallo Trozze, a tenant in said building, seek in the instant actions to recover damages when the building was destroyed by fire on January 31, 1970. Following a trial, the jury returned verdicts of no cause of action against defendant Columbia Gas of New York in both actions and certain other individual defendants, and verdicts in favor of the Canales' estates in a total amount of $22,100 against Binghamton Enterprise, Inc. (25%), Binghamton Amusement Co. Inc. (65%) and James T. Curran (10%) and in favor of Mrs. Trozze in a total amount of $4,130 against Binghamton Enterprise, Inc. (25%) and Binghamton Amusement (75%). While I agree with the majority's affirmance of the verdicts of no cause of action against Columbia Gas and the other individual named defendants, I cannot agree with affirmance of the judgments against Amusement, Enterprise and James T. Curran.

With respect to the judgments against Amusement and Curran, they cannot stand because the record utterly fails to disclose proof of any facts as to how the fire started or even where the fire started. While there is much testimony about the malfunction of the ceiling furnace from Thursday, January 29, through noon of the 31st, it is pure conjecture that the fire actually started within this appliance or its attachments. And, even if it could be assumed that the fire began within the furnace, there is absolutely no explanation of the mechanics involved that could lead to such an occurrence. No expert proof was offered as to what would happen if any particular part malfunctioned. This is not a case of circumstantial evidence; the whole case against these defendants is nothing but pure conjecture (*Bergen* v. *I.L.G.W.U. Houses,* 38 A D 2d 933; *Solomon* v. *Brooklyn Cornell Utilities,* 265 App. Div. 886, affd. 291 N. Y. 593; compare *McKenna* v. *Allied Chem. & Dye Corp.,* 8 A D 2d 463). Moreover, there are other possible explanations of the cause of the fire which are even more plausible than that the furnace malfunctioned (i.e., the portable space heater in the upstairs apartment or a malfunction of the electrical wall fixture) since the fire was first discovered at the top of the building whereas the furnace was located suspended from the ceiling of the first floor and yet the proprietor and two customers within a few feet of the furnace knew nothing of the fire until told of it by a woman who noticed the fire and rushed in to tell the occupants. Since the furnace was surrounded by a simple pegboard covering, it would seem that, if the fire had started there, the proprietor and the customers would have smelled gas or smoke or seen some flames and yet such is not the case. Nor, assuming *arguendo* that a malfunction of the furnace precipitated the fire, is there any proof that any action by Curran, an employee of Amusement, led to such malfunction. There is absolutely no proof that any action taken by Curran could have precipitated a malfunction of the furnace. Even assuming that Curran removed some part from the furnace, and no part was found to have been removed by the fire marshal or others who examined the furnace after the fire, there is absolutely no proof as to what part was removed or more importantly proof that its removal would be a competent producing cause of a malfunction of the furnace and resulting fire. Again, there is nothing but complete conjecture.

There is thus a complete lack of proof as to negligence, causal relationship and proximate cause with respect to the defendants

Amusement and Curran and the complaints against them in both actions should have been dismissed.

Moreover, even assuming that liability could be found in favor of the Canales' estates, the judgment in their favor would still have to be reversed and a new trial ordered because the only proof of valuation is clearly erroneous. The use by the estates' appraiser of reproduction cost less depreciation is fundamentally erroneous in the instant case since the fairly ordinary two-story building housing a restaurant and an apartment here involved could not possibly be considered in any way unique so as to qualify as a specialty (*Amsterdam Urban Renewal Agency* v. *Masonic Assn. of Amsterdam*, 39 A D 2d 617; *Bensle* v. *State of New York*, 24 A D 2d 1052; *Bond* v. *State of New York*, 24 A D 2d 778). This is particularly so where, as here, the property was amenable to evaluation by capitalization of income, an approach not seriously attempted by the estates' appraiser.

In addition, the 65%–10% apportionment between Amusement and Curran could not properly stand. Here, Amusement could only be held liable for the negligence of Curran, and only insofar as Curran was found to be liable; the rule of contribution among tort-feasors announced in *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143) speaks of apportioning the " blame " among them (p. 153). Where, as here, the corporation is vicariously liable for the acts of its agents, there can be no unequal apportionment of liability between corporation and employee since there was but a single wrong (*Martindale* v. *Griffin*, 233 App. Div. 510, 513, affd. 259 N. Y. 530; 2A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1401.07).

As to the defendant Enterprise, what I have previously said about a lack of proof of liability applies equally. Additionally, however, the jury brought in a verdict of no cause of action in favor of Miles, the proprietor of Enterprise and, since he was the only officer of Enterprise possibly connected with any improper maintenance or repair of the furnace, his exoneration also exonerated his corporate employer since its liability could be derivative solely from his actions (*Good Health Dairy Prods. Corp.* v. *Emery*, 275 N. Y. 14).

Accordingly, I vote to modify the judgments to dismiss the complaints against Binghamton Amusement Co., Inc., Binghamton Enterprise, Inc. and James T. Curran.

HERLIHY, P. J., SWEENEY and MAIN, JJ., concur with STALEY, JR., J.; REYNOLDS, J., dissents and votes to modify in an opinion.

Judgments affirmed, with costs.