## (June 10, 1976)

 AETNA CASUALTY AND SURETY COMPANY, Respondent, v BINGHAMTON AMUSEMENT CO., INC., et al., Appellants, et al., Defendants.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered February 13, 1973 in Broome County, upon a decision of the court at a Trial Term, without a jury. Appellant Binghamton Amusement Co., Inc. (hereinafter Amusement), is engaged in the business of distributing and servicing various coin-operated vending machines located throughout the Binghamton area. Its place of business is 4 Florence Street, Binghamton, New York, and the plaintiff had issued it a manufacturers' and contractors' liability policy. On January 31, 1970 Amusement dispatched two of its employees to premises at 47 Seminary Avenue, not owned or operated by it, but whereupon it had situated vending machines. The employees went to Seminary Avenue both to service the vending machines and, as a favor to the occupants thereof, to see if they could determine why the heat was off at the premises and possibly to repair the heating appliances. After the employees' departure from the premises a fire occurred and Amusement as well as its employees and appellant McCarthy were sued upon the theory that their tampering with the gas-heating appliances had negligently caused or contributed to the fire. The case of *Estate of Canale v Binghamton Amusement Co.* (45 AD2d 424, affd 37 NY2d 875) sets forth the factual background as to the fire. The plaintiff brought this action as against the appellants for a declaratory judgment that it was not obligated to defend or indemnify Amusement and its employees in the negligence action. The trial court in its decision found that the insurance coverage did not apply to inspection or repair of gas-heating appliances and that operations of Amusement were only covered at 4 Florence Street. Declaratory judgment was entered freeing plaintiff from any obligation to defend or indemnify Amusement and its employees. The operations insured as set forth in the policy were as follows: "Office machine or appliance installation, inspection, adjustment or repair

— including shop — including completed operations" and "vending machines". As found by the trial court, the operations do not include any words descriptive of heating systems and to construe the word "appliance" as including such an operation would be rewriting the policy. It is not necessary to consider whether or not the policy was restricted to coverage solely for operations at 4 Florence Street. Judgment affirmed, without costs. Sweeney, Main, Herlihy and Reynolds, JJ., concur; Greenblott, J. P., dissents and votes to reverse in the following memorandum. Greenblott, J. P. (dissenting). I dissent. The majority bases its decision on the conclusion that the language of the policy does not include words descriptive of a space heater. If the coverage provisions in the policy mentioned only "vending machines", I would agree. However, the policy contains a separate provision covering "Office machine or appliance installation, inspection, adjustment or repair" with a distinct code number, rate and premium base. Clearly, operations other than those relating to vending machines were intended to be insured thereby, but the policy is silent as to the scope of this provision, and reference to the nature of the insured's business, limited as it apparently was to vending machines, does not furnish any assistance. The question thus becomes, what types of office machines and appliances were meant to be included or excluded? Webster's New International Dictionary (2d ed, unabridged) defines "appliance" as, *inter alia,* "a thing applied or used as a means to an end; a piece of apparatus; device". Given this broad definition, the use of the term "appliance" in the policy without limitation or modification clearly creates an ambiguity which under well-established rules of construction must be resolved against the insurer *(Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356). I do not see why it cannot be reasonably urged that a space heater fits within the above definition of "appliance". The burden of proving the intent of ambiguous language rests upon the insurer, but no evidence whatsoever was produced as to the meaning intended by the parties to be given to the term in question. Since the decision of the court at Trial Term is without evidentiary support, I vote to reverse and remand for a further hearing at which evidence on the intended meaning of the policy language can be produced.