PABLO RIVERA et al., Plaintiffs, v LLOYD C. McCARTHY et al., Defendants. STRUCTURAL INDUSTRIES, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Third-Party Plaintiff; CONCEPCION GONZALEZ, Third-Party Defendant-Appellant; FIREPROOFING CORP. OF AMERICA, Third-Party Defendant-Respondent. (Action No. 1.) (And a Second Title.)—In consolidated negligence actions to recover damages for personal injuries, defendant third-party plaintiff Structural Industries, Inc., and third-party defendant Concepcion Gonzalez separately appeal from (1) an order of the Supreme Court, Kings County, dated September 29, 1975, which, upon the motion of the third-party defendant Fireproofing Corp. of America, dismissed the third-party complaints and "all cross complaints" against it and (2) a judgment of the same court, entered thereon on October 14, 1975. The appeals bring up for review so much of a further order of the same court, entered January 14, 1976, as, upon reargument, adhered to the original determination. Appeals from the order dated September 29, 1975 and from the judgment dismissed as academic. That order and the judgment were superseded by the order made upon reargument. Order entered January 14, 1976 reversed insofar as reviewed, motion by Fireproofing Corp. of America denied, and third-party complaints and all cross complaints against it are reinstated. Appellants are awarded one bill of $50 costs and disbursements

jointly to cover all appeals. These consolidated negligence actions arise out of a three-car collision. Plaintiffs in each action were passengers in a vehicle which was allegedly owned and operated by appellant Gonzalez. Structural Industries, Inc., seeks contribution, in third-party actions, from Gonzalez *and* from Fireproofing Corp. of America, the employer of Gonzalez and his passengers, on the undisputed fact that, at the time of the accident, Gonzalez and plaintiffs were operating in the course of their employer's business. It was error for the court to hold that contribution does not lie against one vicariously liable where the claim is asserted by a party other than the active tort-feasor whose actions rendered the alleged joint tort-feasor vicariously liable (see *Rogers v Dorchester Assoc.,* 32 NY2d 553, 565–566; cf. *Estate of Canale v Binghamton Amusement Co.,* 45 AD2d 424, affd 37 NY2d 875; but see *Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. of N. Y.,* NYLJ, Oct. 8, 1976, p 15, col 2). Gulotta, P. J., Hopkins, Latham, Shapiro and Hawkins, JJ., concur.