GRAPHIC ARTS MUTUAL INSURANCE COMPANY, Appellant, v BAKERS MUTUAL INSURANCE COMPANY OF NEW YORK; Respondent, et al., Defendants.

Second Department, July 18, 1977

*Burke, Curry, Hammill & O'Brien (Luke A. Burke* of counsel), for appellant.

*Theodore T. Weiser (Alex Goodman* on the brief), for respondent.

TITONE, J. This declaratory judgment action was instituted by plaintiff-appellant, Graphic Arts Mutual Insurance Company (Graphic) against defendant-respondent, Bakers Mutual Insurance Company of New York (Bakers) for a determination that Bakers should provide coverage to the third-party defendants in a personal injury action. Special Term, determining that Graphic alone was obligated to furnish such coverage, awarded Bakers a money judgment in the total sum of $17,073.70.

The underlying facts to this dispute between the two carriers are as follows:

On December 8, 1966 Max Wacht, while a passenger in a motor vehicle owned by his employer, Chimes Cake Co., Inc. (Chimes), and operated by co-employee, Edward J. Carr, sustained personal injuries when the Chimes vehicle was in collision with a motor vehicle operated by Stanley Jarnatowski, and owned by Jarnatowski's employer, Armor Elevator Company, Inc. (Armor).

Thereafter, Wacht brought suit for personal injuries against Jarnatowski and Armor. Jarnatowski and Armor thereupon instituted a third-party action against Wacht's employer,

Chimes, and the co-employee, Carr. The third-party action constituted a claim for indemnification for the total or proportionate negligence of Wacht's fellow employee, Carr, and the vicarious liability of the employer, Chimes, as owner of the vehicle operated by Carr. A copy of the third-party summons and complaint was forwarded to both parties herein. At the time of the accident Graphic insured Chimes under an automobile liability policy, and Bakers was Chimes' workmen's compensation carrier. Wacht has received workmen's compensation benefits under Bakers' policy.

After the joinder of issue in the third-party action, Graphic brought this action against Bakers for a declaratory judgment. It sought a determination that Bakers, under its workmen's compensation policy, was also obligated to provide coverage to third-party defendants Chimes and Carr. Graphic also asserted that, under its automobile liability policy of insurance, there was an exclusion of coverage in this instance. Subsequent to the commencement of this declaratory judgment action, Wacht's personal injury action against Jarnatowski and Armor was settled for $125,000, of which sum the insurance carrier defending for Jarnatowski and Armor was to pay the sum of $93,750. The remaining sum of $31,250, or 25% of the judgment, was to be paid by either plaintiff Graphic or defendant Bakers, depending upon the outcome of this declaratory judgment action. Bakers also agreed, as part of the settlement, to reduce its workmen's compensation lien to $15,000.

In its opinion, the Special Term set forth and discussed the following provisions of each of the policies:

BAKERS: "9. Limits of Liability

Coverage B."

"The words 'damages because of bodily injury by accident or disease, including death at any time resulting therefrom,' in coverage B include damages for care and loss of services and damages for which the insured is liable by reason of suits or claims brought against the insured by others to recover the damages obtained from such others because of such bodily injury sustained by employees of the insured arising out of and in the course of their employment."

GRAPHIC: "III Definition of Insured (a) with respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named

insured * * * and also includes any person while using the automobile * * * provided the actual use * * * is by the named insured or such spouse or with the permission of either. The insurance with respect to any person * * * other than the named insured * * * does not apply * * * (2) to any employee with respect to injury * * * of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer".

GRAPHIC: "Exclusions:

"This policy does not apply: * * *

"(d) under Coverage A, to bodily injury * * * of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured.

"(e) under Coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation * * * or under any similar law".

### DETERMINATION OF SPECIAL TERM

Special Term held that Graphic alone was required to defend and pay on behalf of third-party defendant Carr under its policy of liability insurance covering Chimes; and that Bakers owed no duty to defend or pay on behalf of either of them under its workmen's compensation policy covering Chimes. Taking the position that the Court of Appeals stated in *Rogers v Dorchester Assoc.* (32 NY2d 553, 565) that the theory of apportionment between joint tort-feasors *(Dole v Dow Chem. Co.,* 30 NY2d 143) did not apply to a right of indemnification based on a party's vicarious liability, Special Term held that Bakers, the workmen's compensation carrier, could not be held liable, and consequently, the exclusion provision pertaining to workmen's compensation in Graphic's policy, set forth above, did not apply.

With respect to Graphic's liability, Special Term reasoned that under the doctrine of *respondeat superior,* the employer Chimes would be liable, subject to the workmen's compensation law, for the negligent conduct of its employee Carr if the accident occurred in the course of his employment. The policy of *respondeat superior* was evidenced in the Graphic insur-

ance contract, which defined an "insured" as any person using an automobile, provided the actual use was with the consent of the insured owner. Thus, opined Special Term, while Carr was to be treated under the Graphic coverage as an additional insured party, as if he had a separate policy of his own, the Bakers policy did not extend its coverage of Chimes to Carr.

### DETERMINATION ON APPEAL

In our opinion Special Term incorrectly held that the *Dole* and *Rogers* decisions somehow affected the obligation of Chimes to indemnify third parties for Carr's negligence. The doctrine enunciated in *Dole* is that comparative apportionment is permitted among *joint tort-feasors* even where their respective degrees of *responsibility for the accident* are not equal (see *Rogers v Dorchester Assoc.,* 32 NY2d 553, 565, *supra).* One of the propositions for which *Rogers* stands is that the decision in *Dole* as to comparative apportionment among joint tort-feasors was not intended (pp 565-566) "to overturn basic and satisfactory principles of common-law indemnification between *vicariously liable tort-feasors and tort-feasors guilty of the acts or omissions causing the harm"* (emphasis supplied).

In *Rogers,* the plaintiff tenant sued the owner and manager of the apartment building and the elevator maintenance company for injuries sustained when she was struck by the automatic door of the self-service elevator. The Court of Appeals held that the owner and manager had the right under the maintenance contract to look to the elevator company to perform their entire duty to plaintiff, and thus there was no basis under *Dole* for apportionment of liability between the elevator company and the owner or manager. Contribution will lie against one vicariously liable where the claim is asserted by a party other than the active tort-feasor whose actions rendered the alleged joint tort-feasor vicariously liable *(Rivera v McCarthy,* 54 AD2d 757; cf. *Estate of Canale v Binghamton Amusement Co.,* 45 AD2d 424, affd 37 NY2d 875).

Correspondingly, neither *Dole* nor *Rogers* abrogates the general rule which prohibits a tort-feasor, whose negligence causes harm to others, from cross-claiming against one who is derivatively liable for the tort-feasor's negligence (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3019:49, pp 259-260; cf. *Logan v Esterly,* 34 NY2d 648). In the absence of an express or implied agreement to the

contrary, an operator of an automobile negligently colliding with another automobile is not entitled to reimbursement (or contribution) from his employer, for a judgment recovered against him, on the theory, *inter alia,* that the accident arose in the course of his employment (see *Kennedy v Travelers Ins. Co.,* 127 Misc 665; 42 CJS, Indemnity, § 21).

Thus, it is evident that Special Term misconstrued the thrust of *Rogers* in this case. The within third-party action was not instituted by one who was contractually obligated to Chimes for the negligence of Carr, nor was it instituted by Carr against Chimes for contribution. Rather, it was instituted by Jarnatowski and Armor, the operator and owner respectively of the other vehicle involved in the collision. In it they alleged, in effect, that Carr's negligence contributed to the accident, and Chimes was derivatively liable for Carr's negligence.

Hence, although Wacht could not have directly sued his co-employee Carr (see Workmen's Compensation Law, § 29, subd 6), the defendants Jarnatowski and Armor could implead Carr for contribution, and Chimes for indemnification, based on Carr's negligence. A right of indemnification exists against Chimes by virtue of both section 388 of the Vehicle and Traffic Law,* and the common-law doctrine of *respondeat superior.* Certainly, the doctrine of apportionment enunciated in *Dole v Dow Chem. Co. (supra)* did not abolish or limit the rights of third parties in that regard.

Having concluded that Jarnatowski and Armor had a right of contribution against Carr, and a right of indemnification against Chimes, Carr's employer, it is now necessary to determine which insurer is obligated to Chimes, and which insurer, if any, is obligated to Carr. In our opinion both carriers are obligated to Chimes under each one's respective policy.

With respect to the Bakers policy, as quoted above, under paragraph 9, entitled "Limits of Liability Coverage B", the words "damages because of bodily injury by accident or disease", include damages because of bodily injury *"for which the insured is liable by reason of suits * * * brought against the*

---

* Section 388 of the Vehicle and Traffic Law, entitled: "Negligence in use or operation of vehicle attributable to owner", provides, in subdivision 1 thereof: "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner."

*insured by others * * * because of such bodily injury sustained by employees of the insured arising out of and in the course of their employment."* (Emphasis supplied.) Furthermore, earlier in the same policy, under the heading *"Insuring Agreements",* Bakers obligated itself, under Coverage A, to pay benefits required of the insured by the Workmen's Compensation Law, and under Coverage B: *"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident * * * by any employee of the insured arising out of and in the course of his employment by the insured".* (Emphasis supplied.) Thus, the quoted language, when applied to the case at bar, means that Coverage B of the Bakers policy covers damages for which Chimes is liable by reason of suits brought against it by Jarnatowski and Armor, to recover damages obtained from them by Wacht, arising out of, and in the course of, his employment at Chimes. Bakers is obligated under this language only to the named insured, Chimes, and not to Carr.

Insofar as the Graphic policy is concerned, the word "insured", as quoted above, "includes the named insured * * * and also includes any person while using the automobile * * * with the permission of [the named insured] * * * The insurance with respect to any person * * * other than the named insured * * * does not apply * * * (2) to any employee with respect to injury * * * of another employee of the same employer injured in the course of such employment".

The above definition of "insured" does seem somewhat ambiguous. In my opinion it should be construed, under the facts herein, as meaning that if the "named insured", Chimes, is vicariously liable for injuries caused to Wacht as a result of the negligence of Carr, the "named insured", Chimes, would be fully covered. However, and contrary to Special Term's determination, Carr is not covered by the Graphic policy, by virtue of the additional language, to wit: "The insurance * * * does not apply * * * (2) *to any employee [Carr] with respect to injury * * * of another employee [Wacht] of the same employer [Chimes] injured in the course of such employment".* (Emphasis and bracketed matter supplied.)

At first blush, it may seem incongruous that the negligent driver, Carr, is not covered by either policy, and conceivably might not be insured by his own policies. However, such a result is authorized by insurance regulations 11 NYCRR 60.1

(c) which provides, *inter alia:* "(c) A provision insuring as 'insured' (1) the named insured and, if an individual, his spouse if a resident of the same household with respect to the motor vehicle or vehicles. * * * As respects any person or organization other than the named insured or such spouse *the policy need not apply * * * (ii) to any employee with respect to injury, sickness, disease or death of a fellow employee injured in the course of his employment in an accident arising out of the maintenance or use of the motor vehicle in the business of their common employer"* (emphasis supplied).

Furthermore, on examination, the result is not incongruous. If, instead of injuring a fellow employee, Carr had negligently killed a pedestrian while driving in the course of his employment, paragraph III of Graphic's policy would have covered both Chimes' and Carr's liability. It is only when the injury occurs to a fellow employee that Carr is not covered. In that event there may be no direct action by the injured employee against Carr since, in that event, the only remedy of the injured fellow employee would be workmen's compensation benefits (see Workmen's Compensation Law, § 29, subd 6).

This result does not contravene the Motor Vehicle Safety Responsibility Act (see Vehicle and Traffic Law, § 345, subd [b], par [2]), which provides that a motor vehicle liability policy shall also insure persons using the owner's car with his consent, since subdivision (e) of the same statute provides that such policy shall not insure any liability on account of bodily injury or death of an employee of the insured for which benefits are payable under any workmen's compensation law.

With respect to the "Exclusion" under the Graphic policy, set forth above, it does not appear that such paragraph would affect its obligations to defend and pay any judgment against Chimes. It is clear that Carr, for whom Chimes is vicariously liable, is not a "domestic" employee. Nor did this accident arise out of "other employment by the named insured", such as an incidental real estate business. As to the limitation in clause (e) of the "Exclusion", to wit, that the policy does not apply under Coverage A; "to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation * * * law", it is conceded that the liability to render whole the injured employee, Wacht, is clearly covered by the Workmen's Compensation Law. However, the particular liability herein for which Chimes may be held liable is a duty to indemnify a third party rather than a

duty to render the injured party whole. The duty to indemnify Jarnatowski and Armor arises out of vicarious liability for the negligence of Carr, and does not arise pursuant to the Workmen's Compensation Law. That law does not require Chimes to indemnify third parties for the apportioned negligence of one of its employees which injured another employee. The only duty imposed by that law runs directly to the employee, and does not run to third parties.

Thus, both policies cover the derivative or vicarious liability of Chimes. Each policy covers such liability in the amount of $100,000; under the formulas of both policies as to additional insurance, each insurance company must defend and bear 50% of Chimes' liability for Carr's actionable negligence. In view of the fact that, pursuant to the settlement, Carr was held to be liable for 25% of the actionable negligence, or $31,250 of the total award, each party herein must contribute $15,625, subject to Bakers' credit for workmen's compensation benefits paid in the amount of $15,000.

In conclusion, it should be noted that Special Term erred in this declaratory judgment action in not setting forth the rights of the parties; instead it awarded Bakers a money judgment in the total sum of $17,073.70. This court should therefore render the judgment which should have been made at Special Term (see *Cahill v Regan,* 4 AD2d 328).

SHAPIRO, J. (concurring). While I concur in the conclusion reached by Mr. Justice TITONE, I submit that his statement that the negligent driver of the Chimes motor vehicle, Carr, "is not covered by either policy, and conceivably might not be insured by his own policies" is unnecessary to a proper determination of this case and, in any event, is misleading and requires clarification in the following respects:

(1) Firstly, it should be made clear that in his claim against Carr for the personal injuries sustained by him, Wacht, as an injured fellow-employee, would be limited in his available remedy to the utilzation of employer's workmen's compensation insurance provided by Carr's employer, Chimes.

(2) Secondly, it should also be made clear that if the injuries resulted, as here, from a multiple car accident and persons other than Carr's fellow-employee were injured, the negligent driver (Carr) would be covered by his employer's (Chimes') automobile liability insurance, since he would then *as to them* be an insured within the definition of "insured" contained in

that policy, i.e., a "person * * * using the automobile * * * with the permission of [the named insured]".

(3) Thirdly, the claim of the third-party plaintiffs here, Jarnatowski and Armor Elevator Company, in electing to sue Carr for indemnification under the *Dole-Dow* theory, allocable to Carr's negligence, would not be a claim for damages to "any employee with respect to injury * * * of another employee of the same employer injured in the course of such employment in an accident arising out of the * * * use of the automobile in the business of such employer". Graphic Arts would therefore be compelled to represent him under the terms of its policy.

The third-party plaintiffs here, in electing not to claim indemnification under the *Dole-Dow* theory against Chimes, the employer, but only against Carr, the employee, could not thereby deprive the latter of insurance coverage.

MARGETT, J. P., concurs with TITONE, J.; SHAPIRO, J., concurs in the result, with an opinion, in which SUOZZI, J., concurs.

Judgment of the Supreme Court, Nassau County, reversed, on the law, with $50 costs and disbursements, and it is declared that (1) paragraph III of the policy of plaintiff Graphic Arts Mutual Insurance Company (Graphic) obligates it to defend and pay any liability of its insured, Chimes Cake Co., Inc. (Chimes), (2) paragraph 9 of the policy of defendant-appellant Bakers Mutual Insurance Company of New York (Bakers) obligates it to defend and pay any liability of Chimes resulting from any suits against it for indemnification, (3) both Graphic and Bakers are liable for the remaining amount of the money judgment of defendant Max Wacht against defendants Stanley Jarnatowski and Armor Elevator Company, Inc. (Armor), (4) each insurer is obligated to pay $15,625 of Wacht's judgment against Jarnatowski and Armor and (5) Bakers is entitled to a credit of $15,000 for amounts previously paid by it under the workmen's compensation provision of its policy.